THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY

*v.*

THOMAS PAYNE, Administrator of ALBERT PAYNE, deceased.

| 49 | 499 |
|----|-----|
| 22a | 469 |
| 49 | 499 |
| 170 | 219 |
| 49 | 499 |
| 198 | ²143 |
| 49 | 499 |
| 107a | ¹511 |

1. INSTRUCTIONS—*right of parties to have the law clearly stated in the instructions.* It is the right of every party to insist that the law applicable to his case shall be fairly and distinctly stated in the instructions, and it is not sufficient, that a part of the instructions contain a correct exposition of the law, if it is incorrectly announced in others.

2. SAME—*when taken together—must be consistent.* Instructions given to a jury, should announce the law of the case with accuracy and precision, and when taken together be consistent, in order that the jury may be aided, and not misled, in arriving at a verdict.

3. Negligence—*of comparative negligence.* Negligence, resulting in injury, is comparative, and it is not required that the plaintiff, in an action against a railroad company, to recover for injuries received by reason of the alleged negligence of the latter, shall be free from all negligence himself, or that he shall exercise the highest possible degree of prudence and caution, to entitle him to recover, if it appear the defendant was guilty of a higher degree of negligence.

4. But in cases of mutual negligence, to authorize a recovery by the plaintiff, the negligence on the part of the defendant must be so much greater than that of the plaintiff, as to clearly preponderate.

5. And where the negligence is equal, or nearly so, or that of the plaintiff is greater, he cannot recover.

Appeal from the Circuit Court of Adams county; the Hon. Joseph Sibley, Judge, presiding.

The facts in this case sufficiently appear in the opinion.

Mr. N. Bushnell, for the appellants.

Messrs. Skinner & Marsh, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This was an action brought by appellee, as administrator of Albert Y. Payne, to recover compensation, under the act of 1853, for the alleged killing of Payne by the negligence of the employees of appellants. It appears, from the evidence, that deceased was driving in a covered buggy upon the highway, and at the place where the road intersected with the railway of appellants, and came in contact with a passing train, and was instantly killed.

It is averred in the various counts of the declaration, that the railway company kept no warning board at the crossing; that no bell was rung or whistle sounded to give notice of the approach of the train, as required by law, and the engineer in charge of the train was drunk at the time the accident occurred. The company denied negligence on their part, and allege that

there was a want of ordinary care on the part of deceased as he approached the railroad.

On the trial in the court below, there was a large amount of evidence introduced by each party, but inasmuch as the case will have to be submitted to another jury, we deem it improper to discuss its weight, or whether it supported the verdict. From a careful examination of the instructions given the jury, we are satisfied they do not announce the law to the jury so clearly and distinctly that we can see that they were not misled in arriving at their verdict. They seem to conflict, and to leave the jury a choice as to which class they should adopt. A party has the right to have the law applicable to his case fairly, clearly and distinctly stated in the instructions given to the jury. It is not sufficient to say the law in the case is correctly announced in a part of the instructions, if it is incorrectly stated in others.

This is the second of the plaintiff's instructions which the court gave to the jury:

" If the jury believe, from the evidence, that the defendant was guilty of gross negligence, under all the facts before them, in running its train to and over the common highway crossing, and thereby the death of Albert Y. Payne was caused, then, even though the deceased did approach such crossing with some and a less degree of negligence, while traveling on the highway, such negligence of the deceased would not destroy the plaintiff's right to recover in this action."

The third instruction given for appellees is this :

"Even if the jury believe, from the evidence, that the deceased, Payne, did with some negligence, on a highway, approach the railroad crossing of the same, yet, if the defendant recklessly and with gross negligence, approached with its train to and crossed said highway, and thereby caused the

death of the said Payne, as charged in the declaration, such negligence of deceased would not justify such gross negligence of the defendant."

Appellee's fifth instruction is this:

" It was the duty of the defendant to operate its. train in coming to and crossing said highway with due care and precaution, to avoid injury to persons passing on said highway; and if by sounding the whistle of the locomotive or ringing the bell thereof, in such manner as could have been reasonably done under the circumstances, injury to the deceased would have been prevented, and by wrongful failure so to do, the death of said Payne resulted as alleged in plaintiff's declaration, then the jury should find the.defendant guilty."

Appellee's sixth instruction is this :

" If the defendant had erected and maintained a post on its track, some 80 rods east from said highway crossing, at and from which its trains in approaching said crossing were accustomed, by whistle or ringing of a bell, to give notice of its approach to such crossing, and such whistle or ringing of bell would reasonably have prevented the accident in evidence, and on the occasion in evidence the defendant fa'led to ring a bell or sound a whistle, and that thereby, and the negligence of the defendant, the death of the deceased, Payne, was caused, as alleged in the declaration, then the jury should find defendant guilty."

It is the established doctrine of this court that, although a plaintiff may. be guilty of negligence, still the defendant will be held liable if his negligence is greater than that of the plaintiff. Where the negligence producing the injury is equal or nearly so, or that of plaintiff is greater, then he cannot

recover.    Although he may be guilty of negligence, yet if that
of the defendant is greater, amounting to gross negligence, he
would be liable.   Negligence resulting in injury is compara-
tive, and it is not required that the plaintiff shall be free from
all negligence, or that he shall exercise the highest possible
degree of prudence and caution, to entitle him to recover, if
the defendant is shown to be guilty of a higher degree of
negligence.   The following cases announce and recognize this
rule : *Chicago & Rock Island R. R. Co.* v. *Still*, 19 Ill. 500 ;
*Chicago, Burlington & Quincy R. R. Co.* v. *Dewey*, 26 Ill. 255 ;
*Galena & Chicago Union R. R. Co.* v. *Jacobs*, 20 Ill. 478 ;
*Chicago, Burlington & Quincy Railroad* v. *Hazzard*, 26 Ill.
373 : and a number of other cases might be referred to in its
support.

In the case of the *Galena & Chicago Union R.R. Co.* v. *Dill*,
22 Ill. 264, it was said that where the company have erected
the proper signs and notices at the point of intersection, the
highway traveler should, under ordinary circumstances, heed
its warning, and use proper precaution to avoid a collision, and
failing to do so, negligence more gross on the part of the
company only will render them liable for injuries received.   It
was also held, in that case, that each party had the right to
use their respective roads, but in doing so they were required
to use all reasonable precautions to prevent injury to the other.
That the traveler on the highway had the same, but no greater
right, to travel the highway over the track of the company that
the latter had to pass over the highway, and that both should
exercise prudence in the enjoyment of their several rights.
But that road was not required by statute to ring a bell or
sound a whistle.

If an individual in crossing a railroad track, is guilty of
negligence, that does not authorise the employees to wantonly
kill such individual.   His negligence may be a wrong to the
company, but he does not thereby forfeit his life.   If his neg-
ligence produces injury to the company, the courts are open

to them for redress. And it would be monstrous to hold that because a person is careless in regard to his safety, he thereby renders himself liable to destruction, with impunity, by persons operating railroad trains. Such a doctrine can never be sanctioned in a court of justice. In such a case, the employees of the road should use every reasonable effort to prevent the destruction of the individual, although he is negligent. But at the same time, if the deceased so acted that it was not within the power of the engine driver to prevent the collision by the employment of reasonable diligence and effort, then the company are not liable.

It will be observed that the instructions given for the plaintiff, and which we have quoted, do not recognize the rule here announced; and although they would probably not mislead members of the profession, still, to men not versed in the rules of law, they were calculated to, and may, have misled the jury in this case.

It will be observed that these instructions do not state the rule of comparative negligence. The second only announces a rule that a less degree of negligence on the part of deceased would leave the company liable. This instruction does not define the degrees of negligence with accuracy. If the deceased was guilty of negligence, then the negligence of the company should have been so much greater as to clearly preponderate, as was said in the case of *Chicago, Burlington & Quincy R. R. Co.* v. *Dewey, supra.* But, taken alone and disconnected from the other instructions given for appellants, this instruction might not have been so far objectionable as to require a reversal.

The third is, however, more objectionable. It informs the jury that if deceased was guilty of some negligence, yet if appellants recklessly and with gross negligence crossed the highway and caused the injury, the company would be liable. The expression, " some negligence," is indefinite, and embraces every degree of negligence except the highest and most gross.

Even if deceased had been guilty of negligence approaching the most gross, the jury would have been warranted in finding for appellee, and that, too, although greater than the negligence of the employees of the company. Even though they were guilty of recklessness and gross negligence, if deceased was guilty greater recklessness and grosser negligence, the company would not be liable. And this instruction is liable to that construction.

The fifth instruction correctly defines the duty of the road, but entirely ignores the duty of the deceased. And as the defense was based on the theory of negligence of deceased, to the degree that would exonerate the company, this instruction should have been modified so as to announce the proper rule as to comparative negligence.

The sixth instruction fails to announce the rule as to comparative negligence.

Although the fourth instruction asked by appellants was incorrect and should not have been given, still it was not accurate as modified by the court before it was given. As modified, it ignored relative negligence of the parties, and failed to announce the proper rule, and may have contributed to mislead the jury. While the instructions given for appellants laid down a different rule from that announced in appellee's instructions, still the jury were, by all the instructions before them, left to select and act upon either rule as it might strike them as being most proper. In this the instructions were wrong, and should, when taken together, have been consistent, and have presented the law of the case with accuracy and precision, that the jury might have received aid thereby in arriving at a true verdict.

For the error in giving these instructions for appellee, and the giving of appellee's fourth instruction as modified, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*