## JAMES M. BALDWIN

*v.*

## AMOS KILLIAN.

1. ERRONEOUS INSTRUCTIONS—*whether cured by the giving of others, stating the law correctly.* Where the court below misdirects the jury in the series of instructions given on behalf of one party to a suit, although they are properly instructed in the series given on behalf of the other, if it appears that the erroneous instructions may have misled the jury, this court will, for that reason, reverse the judgment.

2. ASSIGNEE *before maturity.* The fact that a promissory note was given for a right to sell a certain patent within a specified district, and that the payee failed to furnish machines represented by the patent, as he agreed to do, and the maker received no benefit from the same, will not avail as a defense in behalf of the maker against an innocent assignee before maturity.

APPEAL from the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

Messrs. CASEY & DWIGHT, for the appellant.

Messrs. BREESE & GRAY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellant in the Clinton circuit court, against appellee, on a promissory note. It appears that appellee gave the note to one John Curtice, who indorsed it to appellant. It also appears the note was given for a patent right seeder, and the right to sell the same in certain named territory. Curtice was to furnish these seeders at Collins' Station, which was never done. No other consideration was received for the note. A plea of the failure of consideration was the defense interposed; and appellant insisted that he had purchased the note, and it was indorsed and delivered to him before its maturity, without notice of any defense.

On the trial, Gray testified that some time in November he saw the note, and it was not indorsed at that time; and appellee says he saw the note at the same time, and thinks it was not indorsed, but that he did not examine it carefully to ascertain. Warren, on the other hand, states that he was present, in August or September, before the note was due and at the time Curtice sold the note to appellant, and that he then indorsed and delivered it to appellant. Appellant also testifies to the same facts. On this testimony, the court instructed the jury:

"That if they believe, from the evidence, that the note sued on was given for the territorial right to sell Ingall's improved seeders in townships one and two north, range two west of the third principal meridian, Clinton county, Illinois, was assigned before it became due, and that four of the said Ingall's improved seeders, which said Ingall, by his said agent, John Curtice, was to furnish the said defendant, were never received by the said defendant, and also that said defendant never enjoyed any benefit from the same, they will find for the defendant."

The eighth section of the chapter entitled "Negotiable Instruments" authorizes the maker to interpose any defense

he has to the note when sued by an assignee after maturity; but the ninth section declares that such defense shall not be made to the note in the hands of an innocent assignee before maturity. This instruction is in the teeth 'of this section, and is manifestly erroneous and highly calculated to mislead. No decision of this court, or any reasonable construction that can be given this section, can sustain this instruction. It was palpable error to give it.

Nor is it an answer to say that the court, on that question, instructed correctly for appellant. The evidence was conflicting, and the instructions are equally so, leaving the jury to choose between them; and if they followed, as we presume they did, the instruction for appellee, they were bound to find as they did, although they may have been fully satisfied that the note was indorsed to a *bona fide* purchaser before it was due. Parties have a right to have the law applicable to their case fully, fairly and correctly given to the jury; and when the court misdirects them in one series of instructions, we must reverse, although the other series of instructions may announce correct rules, if we can see that the erroneous instructions may have misled the jury.

The court also gave this instruction for appellee:

"That if you believe, from the evidence, that the note was assigned after maturity, then defendant may give in evidence all defenses to the said note; and that if said note was given without consideration, then you should find for the defendant."

. The last clause of this instruction seems to be as faulty as the other. It asserts that if the note was given without consideration, then the jury should find for the defendant, without regard to the time it was assigned. It should have been qualified or refused.

For these errors, the judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*