# Chicago, Burlington and Quincy Railroad Co.

## v.

# Clara M. Harwood.

1. Negligence—*duty of person approaching railroad crossing.* It is the duty of a person coming on to a railroad crossing of a highway, to use care and caution to avoid a collision with any passing train, and to use precaution before going thereon, to ascertain whether there is a train approaching; and the failure of those having the train in charge to ring the bell or sound the whistle, does not exempt travelers on the highway from this duty.

2. It is error to give an instruction which authorizes a recovery against a railroad upon the ground of negligence in omitting to sound the whistle or ring the bell, without containing a requirement of any care or caution on the part of the person injured.

3. Same — *slacking speed at highway crossings.* There is no law requiring railroad companies, when running at a high rate of speed, to slacken the speed of their trains when teams are approaching a railway crossing in the country.

4. Instructions—*when erroneous not cured by others.* Where one instruction is given authorizing a recovery against a railroad for injuries caused by negligence of its servants, which contains no requirement of care or caution on the part of the injured party, the error will not be cured by other instructions which do contain such requirement.

5. Measure of damages—*in suit to recover for death of party.* The act giving the right of action against a railway company for causing the death of a person, limits the damages to the pecuniary injury sustained, and the jury should, in such case, disregard all grief, sorrow and mental affliction of the widow and children of the deceased, and consider only the pecuniary injury, and the court, when asked, should so instruct them.

Appeal from the Circuit Court of Stark county; the Hon. J. W. Cochran, Judge, presiding.

Mr. O. F. Price, and Messrs. McCulloch, Stevens & Wilson, for the appellant.

Messrs. Johnson & Hewitt, and Mr. M. Shallenberger, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action on the case, brought by appellee against appellant, to recover for causing the death of her husband at a highway crossing, through the alleged negligence of appellant's servants in charge of a freight train running on the railroad of the appellant, on the 17th of August, 1874. The plaintiff below recovered a verdict and judgment, and the defendant appealed.

This judgment must be reversed for error in giving and refusing instructions.

The court below gave to the jury the following instruction for the plaintiff:

"The jury are instructed that, under the laws of this State, the defendant was bound, by its servants, to ring a bell on the locomotive or sound the whistle eighty rods distant from any highway crossing, and to sound or ring the same continuously until the crossing is reached. And in this case, if the jury believe, from the evidence, that the defendant, by its servants, neglected to ring the bell or sound the whistle continuously for eighty rods before they approached the highway, and that, by reason of such negligence, Riley Harwood was killed, then, in that case, the jury will find for the plaintiff, if they further believe, from the evidence, that the plaintiff is the administratrix of said Riley Harwood, and that their verdict, if they find for the plaintiff, can not exceed the sum of $5,000."

The accident took place at midday. It appears, from the evidence, that the place where it occurred was a plain crossing, on a level with and at right angles with the railroad. The deceased lived about forty rods east of the crossing, his land extending to the west of the railroad. About forty rods west of the crossing, and on the north side of the highway, is a school house, between which and the crossing was a hedge, some eight feet high, thick set and in full leaf. The hedge extended toward the railroad, to a point fifty feet from the

centre of the railroad track. After getting inside of that fifty feet, in coming from the west, there was nothing to obstruct the view of an approaching train from the north. It could be seen anywhere up to the whistling post, eighty rods north of the crossing. The deceased, at the time of the accident, was driving in a wagon, drawn by two horses, from the school house toward his house, along the highway, with the hedge between him and the train, which was approaching from the north. His son Nelson was at the school house when his father passed by. Nelson remained to put up a fence, and the father drove on toward the crossing, on a walk. The son heard the train distinctly. The deceased was not seen again by any witness until he was seen by the engineer, driving up to the track. The engineer gave this testimony : "When between the ringing post and crossing I noticed this man drive along the road ; I was about twenty rods away ; he was a few rods back ; I could see him over the hedge ; when I first saw him I blew the whistle ; he turned then—turned his face toward the train ; I supposed he noticed me, and would stop ; he came on until his horses' heads were under the sign board, pretty close to the track, then he made two efforts to back the team up with the lines ; he was not on the track at that time ; he then raised up off the seat and whipped the horses ahead ; they went ahead, and he jumped in the back end of the wagon to get out, I suppose ; I don't think there was anything to prevent him seeing the engine from the position he occupied when I first saw him ; when he raised up to urge his horses. I reversed my engine." The engine struck the wagon about the hind wheel.

Reference is made to this evidence only for the purpose of showing there was such testimony in the case; that it was a vital question in the defense whether there was the exercise of due care and caution on the part of the deceased, rendering it all-important to the rights of the defendant that that essential element of a right of recovery should not have been omitted from the instruction.

This court has repeatedly declared it to be the duty of a person coming on to a railroad crossing of a highway, to exercise care and caution to avoid collision with any passing train, and to use precaution before going thereon, to ascertain whether there is any train approaching. *Chicago and Alton Railroad Co.* v. *Gretzner*, 46 Ill. 75; *Toledo, Peoria and Warsaw Railroad Co.* v. *Riley*, 47 id. 514; *Chicago and Alton Railroad Co.* v. *Jacobs*, 63 id. 178. The failure to ring a bell or sound the whistle does not exempt the traveler on the highway from this duty. The instruction asserted a right of recovery under the circumstances named in it, without containing the requirement of any care or caution on the part of the deceased. In this, the instruction was manifestly wrong. And although other instructions given did contain such requisite, that did not cure the error. It left the jury at liberty to select and act upon either instruction, as might strike them as being most proper. *Chicago, Burlington and Quincy Railroad Co.* v. *Payne*, 49 Ill. 499; *Chicago, Burlington and Quincy Railroad Co.* v. *Lee*, 60 id. 502; *Illinois Central Railroad Co.* v. *Maffit*, 67 id. 431.

The sixth instruction given for the plaintiff was erroneous, in laying it down as the duty of a railroad company, when running at an unusually high rate of speed, to slacken the speed of its train when teams are approaching a railway crossing. There is no such requirement of law with respect to a public crossing in the country. *Toledo, Wabash and Western Railway Co.* v. *Jones*, 76 Ill. 311.

The following instruction, asked by the defendant, was refused:

"You are instructed that in considering the damages in this case, it is your duty to dismiss from your minds all consideration of the grief, sorrow and mental affliction of the widow and children of the deceased; to dismiss from your minds all personal feeling and sympathy which may have been aroused by the recital of the circumstances of the casualty, and consider only the pecuniary injury."

The statute giving this right of action limits, expressly, the damages to the pecuniary injuries sustained. It was the right of the defendant to have the jury so instructed, and it was error to refuse the instruction. *Illinois Central Railroad Co.* v. *Baches*, 55 Ill. 379.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE CRAIG : Conceding that the instruction given for appellee was improper, and the one refused for appellant should have been given, yet, as the law involved in the case was fully and clearly given to the jury by other instructions, I do not think the jury was misled, or that the verdict would have been different had the court given appellant's refused instruction and refused the one given for appellee. I do not, therefore, concur with the majority of the court in reversing the judgment.