NELSON MORRIS, Impl'd, etc.

v.

MARY D. GLEASON, Adm'x.

</div>

1. MASTER AND SERVANT—EVIDENCE TENDING TO SHOW WANT OF NEGLIGENCE.—In an action against appellant for the death of one of his workmen, caused by the explosion of a steam boiler belonging to appellant, evidence was offered to show that there was no negligence on the part of appellant, because by the explosion the loss to appellant was $20,000. Held, that such evidence was properly excluded.

2. DEFECTIVE INSTRUCTIONS—NOT CURED BY OTHERS NOT DEFECTIVE.—In a case of this character, substantially defective instructions of an important character are not cured by others not containing the imperfections.

Morris v. Gleason.

3. LIABILITY OF EMPLOYER—KNOWLEDGE BY THE EMPLOYEE OF THE DEFECT.—An instruction as to the liability of an employer, which informs the jury that they may find for the plaintiff if they (among other things) believe from the evidence: that the death was caused by a defect in the boiler, which was known to the defendant; that the deceased was in the exercise of ordinary care; and that the explosion was not caused wholly or in part by the deceased, is erroneous, because it omits to mention also the important fact that the deceased was not aware of the defects which caused the explosion.

4. NO RECOVERY IF THE SERVANT HAD KNOWLEDGE OF THE DEFECT.—Although the explosion was not caused by the fault of the deceased, yet if he was aware that the boiler was defective in those particulars which caused it to explode, there can be no recovery, even though the deceased may have exercised the greatest care to prevent the explosion, or to have kept out of the reach of its injurious effects.

5. DEFECTS FOR WHICH EMPLOYER WILL BE HELD LIABLE.—In order to make the employer liable for defects known by him to exist, the defects should be of a character which he could by exercising skill have ascertained would be likely to produce the explosion. There might have been defects, and these might have produced the explosion, and they might have been known, and yet they may have been such as no amount of care and caution on the part of the employer would have disclosed to be dangerous and to be guarded against as such.

6. EMPLOYER NOT AN INSURER OF EMPLOYEE.—An employer is not an insurer of his employee against accidents from defective machinery. The rule is diligence, perhaps high or in the highest degree ; still there can be no liability without some neglect to do that which ought to be done to have the machinery safe.

APPEAL from the Circuit Court of Henry county; the Hon. GEO. W. PLEASANTS, Judge, presiding.

Mr. C. K. LADD and Mr. CHARLES DUNHAM, for appellant; argued that if the deceased had knowledge of defects in the machinery and still continued his work, no recovery can be had for an injury received in the course of such business, and cited Camp Point Manufacturing Co. v. Ballou, adm'r, 71 Ill. 417; C. & A. R. R. Co. v. Monroe, 9 Chicago Legal News, 375; T. W. & W. R'y Co v. Moore, adm'r, 77 Ill. 217; Sullivan's adm'r v. Louisville Bridge Co. 9 K'y Ct. App. 81; Ladd v. New Bedford R. R. Co. 20 Am. Rep. 332; Ford v. Fitchburg R. R. Co. 110 Mass; St. L. & S. E. v. Britz, 72 Ill. 256; Patterson v. P. & C. R. R. Co. 18 Am. Rep. 415; Moss et al. v. Johnson, 22 Ill. 633; I. B. & W. R. R. Co. v. Flanigan, 77 Ill. 365.

A person entering upon a necessarily dangerous employment takes upon himself the risk incident to such employment. Wood's Master and Servant, 758; Woodley v. Metropolitan R'y Co. Am. Law T. Oct. 1877; Gibson v. Erie R'y Co. 20 Am. Rep. 553; Lovenguth v. City of Bloomington, 71 Ill. 238.

The master cannot be held liable simply because he knows the machinery is unsafe, if the servant has the same means of knowledge as the master: Williams v. Clough, 3 H. & N. 258; Wright v. N. Y. Cent. R. R. Co. 25 N. Y. 566.

If the master has appointed a competent person to make repairs, he cannot be held liable for defects therein resulting from the negligence of the person in making repairs: Warner v. Erie R. R. Co., 39 N. Y. 468; Wood's Master and Servant, 903; Stark v. McLaren, 10 C. S. 3d series.

Unless the negligence of the deceased was slight and the negligence of appellant gross in comparison, no recovery can be had: Kewanee v. Dupew, 80 Ill. 119; Keokuk Packet Co. v. Henry, 50 Ill. 264; C. B. &. Q. R. .R. Co. v. Dunn, 52 Ill. 260; Shearman and Redfield on Neg. § 320.

The burden of proof is upon the plaintiff to show that the explosion was not caused by the negligence of the deceased, or that his negligence was .slight in comparison to that of the defendant: Ill. Cent. R. R. Co. v. Houck, adm'r, 72 Ill. 285; Chicago v. Major, 18 Ill. 349; C. & A. R. R. Co. v. Mock, adm'x, 72 Ill. 141.

And to show that the deceased exercised due care, and caution, and that his negligence did not contribute to the injury complained of : Dyer v. Talbot, 16 Ill. 300; G. &. C. U. R. R. Co. v. Fay, 16 Ill. 558; Nolan v. Schickler, 4 Cent. Law J. 263.

That an instruction given for plaintiff which ignored the question of knowledge of the defects in the machinery on the part of the deceased, was erroneous: Camp. P't. Mf'g Co. v. Ballou, adm'r, 71 Ill. 417.

And such error in instructions is not cured by giving other instructions not objectionable: C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; C. & A. R. R. Co. v. Murray, 62 Ill. 326; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; St. L. & S. E. R.

Morris v. Gleason.

R. Co. v. Britz, 72 Ill. 256; I. C. R. R. Co. v. Maffit, 67 Ill. 431.

That negligence is a question for the jury under the circumstances of each particular case, and an instruction which tells the jury what constitutes negligence in that particular case, is erroneous: Skelly v. Kahn, 17 Ill. 170; G. & C. U. R. R. Co. v. Yarwood, 17 Ill. 468; Chicago v. Major, 18 Ill. 349.

If the deceased had a better opportunity of knowing the true condition of the machinery than the defendants did, he took all risk of known and unknown dangers, and no recovery can be had for injuries received in the course of such employment: Gibson v. Pacific R. R. Co. 46 Mo. 163; Paulmier v. Erie R'y Co. 34 N. J. 151; Dewitt v. Pacific R. R. Co. 50 Mo. 302; Mad River R. R. Co. v. Barber, 5 Ohio St. 541; Kroy v. C. R. I. & P. R. R. Co. 32 Iowa, 357; Davis v. Detroit, etc. R. R. Co. 20 Mich. 105; Thayer v. St. Louis, etc. R. R. Co. 22 Ind. 26; Frazier v. Pa. R. R. Co. 38 Pa. St. 104; Ind. etc. R. R. Co. v. Lane, 10 Ind. 556; Greenleaf v. Ill. Cent. R. R. Co. 33 Iowa, 52; McMillan v. Saratoga, etc. R. R. Co. 20 Barb. 449; Wright v. N. Y. Cent. R. R. Co. 25 N. Y. 566; McGlynn v. Broderick, 31 Cal. 376; Skipp v. Eastern, etc. R. R. Co. 3 H. & N. 258; Seymour v. Maddox, 16 Q. B. 326; Combs v. New Bedford Co. 102 Mass. 586; Wonder v. B. & O. R. R. Co. 32 Md. 410; Buzzell v. Mfg. Co. 48 Me. 121; Dyner v. Leach, 26 L. J. Exch. 221; Huddleston v. Lowell Machine Shop, 106 Mass. 282; Priestly v. Fowler, 3 M. & W. 1; Wharton on Neg. § 217; Shearman and Redfield on Neg. § 87.

Messrs. Williams, McKenzie & Calkins, for appellee; contended that the verdict will not be set aside unless clearly against the weight of evidence, and cited Allen v. Smith, 3 Scam 97; Weldon v. Francis, 12 Ill. 460; Bloomer v. Denman, 12 Ill. 240; French v. Lowry, 19 Ill. 158; Cross v. Cary, 25 Ill. 562; Aurora F. Ins. Co. v. Eddy, 55 Ill. 213; Walker v. Martin, 59 Ill. 348; McNellis v. Pulsifer, 64 Ill. 494.

Where there is evidence from which the jury could find their verdict, it will not be disturbed, although in the opinion of the appellate court the evidence might justify a different

result: T. W. & W. R. R. Co. v. Moore, adm'r, 77 Ill. 217; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272.

When a person enters a service which from its nature is hazardous, he does it at the risk of all perils *necessarily and naturally* incident to such employment: Gibson v. Pacific R. R. Co., 46 Mo. 163; Baxter v. Roberts, 44 Cal. 187; Gunderson v. Peterson, 65 Ill. 193.

He does not assume the risk of extra hazards not brought to his notice either directly or indirectly: Baxter v. Roberts, 44 Cal. 187; Gibson v. Pacific R. R. Co., 46 Mo. 163; Hayden v. Mf'g. Co., 29 Conn. 548; Ryan v. Fowler, 24 N. Y. 410; Noyes v. Smith, 28 Vt. 59.

An employer is bound to furnish safe and suitable machinery, and keep the same in proper repair: Wonder v. B. & O. R. R. Co. 3 Am. Rep. 144; Wright v. N. Y. Cent'l R. R. Co., 25 N. Y. 563; Ryan v. Fowler, 24 N. Y. 413; Keegan v. Western R. R. Co. 8 N. Y. 180; Ill. Cent. R. R. Co. v. Welch, 52 Ill. 183; C. & N. W. R. R. Co. v. Taylor, 69 Ill. 461; C. C. & I. C. R'y Co. v. Troesch, 68 Ill. 548; C. & A. R. R. Co. v. Shannon, 43 Ill. 338; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; Perry v. Marsh, 25 Ala. 659; Cayser v. Taylor, 10 Gray. 274; Byron v. N. Y. State Print. Co. 26 Barb. 39; Noyes v. Smith, 28 Vt. 59; Hallower v. Henley, 6 Cal. 209; Sizer v. Syracuse, 7 Lans. 67; Perry v. Ricketts, 55 Ill. 234; T. W. & W. R'y Co. v. Fredericks, 71 Ill. 294; Schr. Norway v. Jensen, 52 Ill. 373.

An employer cannot delegate to another the responsibility of seeing that things are kept in proper shape, and by so doing escape liability: Corcoran v. Holbrook, 59 N. Y. 517; C. & N. W. R. R. Co. v. Swett, 45 Ill. 197; T. W. & W. R'y Co. v. Ingraham, 77 Ill. 309; T. W. & W. R'y Co. v. Moore, 77 Ill. 217; Laning v. N. Y. Cent. R. R. Co. 49 N. Y. 532.

It is not necessary to bring actual knowledge of defects to the notice of the employer; it is his duty to find them out: T. P. & W. R. R. Co. v. Conroy, 61 Ill. 162; same case, 68 Ill. 560.

An employer knowing hidden extra hazards is bound to disclose them to his employee: Baxter v. Roberts, 44 Cal. 187;

Morris v. Gleason.

Clarke v. Holmes, 7 H. & N. 937; Fort Wayne R. R. Co. v. Gildersleeve, 33 Mich. 133; Strahlendorf v. Rosenthal, 30 Wis. 697; Spelman v. Fisher, 56 Barb. 151; Fairbank v. Haentzsche, 73 Ill. 236.

The instructions, if taken together, fairly state the law and have no tendency to mislead the jury, and that is all that can be required: Gilchrist v. Gilchrist, 76 Ill. 281; Hardy v. Keeler, 56 Ill. 152; Graves v. Shoefelt, 60 Ill. 462; Daily v. Daily 64 Ill. 329; Howard F. & M. Ins. Co. v. Cornick, 24 Ill. 455; Ill. Cent. R. R. Co. v. Swearingen, 47 Ill. 206; Springdale Cem'y Ass'n v. Smith, 24 Ill. 480; C. B. & Q. R. R. Co. v. Dickson, 63 Ill. 151; Stobie v. Dills, 62 Ill. 432; Lettick v. Honnold, 63 Ill. 335; C. R. I & P. R. R. Co. v. Herring, 57 Ill. 59; Stowell v. Beagle, 79 Ill. 525; T. W & W. R. R. Co. v. Moore, 77 Ill. 217.

LELAND, P. J.  This was an action on the case by the administratrix of the estate of George H. Gleason, against Nelson Morris, Joseph C. Niles, Michael O'Neil, and George McGuire.  The suit was dismissed, as to all the defendants served except Morris.

The action was brought to recover damages on account of the death of said George H. Gleason, and there was a verdict and judgment for $5,000.  The defendants against whom the suit was brought, composed a firm operating a steam flouring mill, at Kewanee, in Henry county.  The deceased was employed as an engineer to run a steam engine, used in the mill. It is alleged in the declaration that while doing so with due care and diligence, in the full hope and belief that the engine and boiler were perfect and safe, the boiler exploded and killed him; that it was not perfect, but was unsafe, as defendants then and there well knew, and that the death was caused by the neglect and carelessness of defendants in not providing a sufficient, safe and suitable boiler.

There was evidence tending to show that the boiler was unsafe and imperfect to the knowledge of the defendants, and that their negligence may have caused the death as alleged.

The main controversy in the case would seem to have been

on the subject whether the deceased exercised proper care and caution, and also as to whether he was aware of the defects in the boiler, to which the explosion should be attributed. Appellee contended that although deceased might have known that the boilers were in a dangerously imperfect condition, and that he had acknowledged this to be so, that he thought so merely because the boilers leaked, and not because the material of which they were constructed was old, rotten and defective. Appellant contended that deceased was fully aware of all the causes of danger, if any, and that he knowingly took the risk of the dangerous employment.

The question whether the instructions were erroneous or not is the only one we propose to discuss. As we have come to the conclusion to reverse, we will say nothing as to the weight of the evidence, except to say that the case is one, on the evidence, in which instructions should be accurate.

There was but one question made as to the admission or exclusion of evidence.

Appellant desired to prove that there was no negligence on the part of the firm because its loss by the explosion was $20,000.

We agree with the court below in its ruling excluding the evidence. There are, however, in our judgment, some serious defects in the instructions, and we are of the opinion that in a case of this kind, substantially defective instructions of an important character are not cured by others not containing the imperfection.    C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; Camp Point M'f'g Co. v. Ballou, 71 Ill. 417; T. W. & W. R. W. Co. v. Larmon, 67 Ill. 68; I. C. R. R. Co. v. Moffitt, 67 Ill. 431; Baldwin v. Hillian, 63 Ill. 550; C. B. & Q. R. R. Co. v. Lee, 60 Ill. 501; C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499.

The first instruction asked on the part of appellee and given, is as follows:

"The court instructs the jury that if they shall believe from the evidence, that the defendant, Nelson Morris, was the owner or part owner of a steam flouring mill, a part of the machinery of which was a steam boiler and engine, and that George H. Gleason was in the employ of said defendant as engineer, and that while in such employment as engineer, the said George

H. Gleason was killed by the explosion or blowing off of said boiler, and left next of kin, and that the plaintiff is the administratrix of said George H. Gleason; and if the jury further believe from the evidence that the explosion or blowing off of said boiler was caused by defects of material or construction of said boiler which was known to defendant, or any of his partners, if he had any, and that said George H. Gleason was then and there in the exercise of ordinary care and prudence, and that the said explosion or blowing off was not caused wholly or in part by the fault of said George H. Gleason, then the jury should find for the plaintiff."

The first objection to this instruction is that it entirely omits to mention the very important fact that deceased was not aware of the defects in the boiler which caused the explosion. The statement that deceased exercised ordinary care and prudence, and that the explosion was not caused by his fault applies to another branch of the case; that is, that deceased used due care and diligence, and that his negligence did not materially contribute to cause the explosion.

Now, although the explosion was not caused by the fault of the deceased, yet if he was aware that the boiler was defective in those particulars which caused it to explode, there could be no recovery, even though the deceased may have exercised the greatest care to prevent those causes from producing the effect, or to have kept out of the reach of the injurious effect of the explosion. It is said that he could not have exercised care, and that the explosion could not have been without his fault, if he was aware of the defects which caused the explosion. We do not understand this to be so at all. He may have well known all the defects; may have concluded to be as careful as he could, and take the risk rather than seek employment elsewhere. He said that he expected most any day to get his head blowed off by the boiler, that the fireman had left on account of the danger, but if his employers would give him the fireman's wages in addition to his own, he would fire and run the whole thing. With this and other evidence tending to show that he was well aware that the boilers were defective, not merely because they leaked, but for the other reasons stated in the evidence, the

omission mentioned rendered this instruction fatally defective.

It is not necessary to cite authority to show that there could be no recovery if the deceased knew of the defects which caused the explosion, and knowingly took the risk. The instruction should have contained the statement, or some equivalent one, after the word Gleason in the last line or elsewhere, " and if deceased was not aware, or by the exercise of reasonable inquiry could not have ascertained the defect which caused the explosion," then the jury should find for the plaintiff.

We consider, also, that the defects known to the defendant or his partners, though they actually did produce the explosion, should have been of a character which they, or either of them, could, by exercising skill, have ascertained to be likely to produce the explosion. There might have been defects, and these might have . produced the explosion, and these defects might have been known, and yet they may have been such as no amount of care and caution on the part of the firm would have disclosed to be dangerous, and to be guarded against as dangerous.

There should have been after the words " partners, if he had any," or elsewhere, some such expression as " likely to cause an explosion," " rendering the boiler unsafe," or something to that effect.

It is not necessary to cite authority to show that the employer is not an insurer of the employee against accidents from defective machinery. The rule is diligence, perhaps high or the highest diligence, still there can be no liability without some neglect to do that which ought to be done to have the machinery safe. This instruction makes liability without any neglect. C. C. & I. C. R. W. Co. v. Troesch, 68 Ill. 545.

The third instruction as applicable to the evidence is wrong, though the defect might not be discernible upon the face of the instruction without making such application to the evidence tending to show that the deceased was himself given the superintendence of the repairs of the boiler, with power to call upon Keeler to make such repairs, as he, deceased, should direct to be made. If Keeler had been employed directly to make the repairs, and not to make them under the superintendence of the deceased,

Morris v. Gleason.

the instruction would have been well enough, except that there seems to be an assumption in it that the boiler was unsafe, and that the firm was responsible because of such unsafety.

The objection urged, however, is that the jury may have considered the instruction a direction, that although the charge and control of the repairs may have been given to the deceased himself, and Keeler requested by Niles to make repairs under the charge and direction of the deceased, that defendant could not thereby have been saved from responsibility.

We consider it quite clear that he might, from all injury which resulted from the want of care on the part of the deceased in properly discharging the duty of directing what repairs ought to be made. It may be true that Niles may have requested Keeler to make repairs when needed, and it may also be true that deceased was to determine when such repairs were needed to be made by Keeler. The language "that an employer cannot delegate to another person, power as an agent and thereby save himself from responsibility" is too broad, because it would include the deceased himself.

The fourth instruction of appellee is objected to mainly because it authorizes the jury to believe otherwise than from the evidence in the case. We have examined it carefully, and have concluded that it is substantially good and not defective for the reason alleged.

The fifth may be somewhat objectionable because it contains an assumption that defendant was responsible for damages resulting from defects not known to deceased. Perhaps to make it entirely unobjectionable the words "if any" should have been added after the word "responsibility," near the end of it. The object and intent of the instruction was, however, so plainly to define the rights and duties of the deceased, that no harm could have been done by the supposed assumption of neglect on the defendant's part.

The objection of appellant to appellee's sixth instruction has some force in it. Though Gleason may not actually have known of the defects in the boiler which caused the explosion, still the jury might say that a person with no more means of ascertaining the facts than those mentioned in the instruction,

ought by the exercise of reasonable diligence certainly to have discovered them. There ought to have been added "or which with his means of knowledge would not have been ascertained by the exercise of reasonable diligence," or something to that effect. The objection to the sixth does not apply to the seventh, which contains the substance of that omitted in the former in the following expression, "which he was not bound by reasonable prudence and care in his employment, under the circumstances to have known."

If the seventh be correct, it does not cure the defect in the sixth, in our judgment. The objections to the eighth, though strongly pressed, are met by the answer that it is a copy of one approved by the Supreme Court in the case of the C. B. & Q. R. R. Co. v. Payne, 59 Ill. 534, as the fifth given on the part of the appellee. The meaning of the instruction is, that if it be a case for damages, then the damages should be such, etc., and the expression would be a better one to say: If the jury believe from the evidence that the plaintiff is entitled to recover, then she should recover such damages, etc. This is really the idea intended, though not accurately expressed. For the errors mentioned in the instructions, we have concluded that there must be a reversal; and the judgment is reversed and the cause remanded.