## THE CHICAGO AND ALTON RAILROAD COMPANY
### v.
### AMELIA T. ROBINSON.

1. CROSSING RAILROAD TRACK—CARE REQUIRED.—It is the duty of a person about crossing a railroad track to exercise care and caution to avoid collision with any passing train, and to use precaution before going thereon to ascertain whether there is any train approaching.

2. FAILURE TO RING BELL, ETC.—The failure to ring a bell or sound a whistle, or to clear the track of obstructions upon it, does not exempt the raveler on the highway from the exercise of proper care on his part.

3. RATE OF SPEED.—The general law of this State imposes no restrictions upon railroad companies as to the rate of speed their trains may run. When not prohibited by municipal regulation they may adopt such rate of speed as they may desire, provided always it is reasonably safe to the passengers being transported.

4. NEED NOT SLACKEN SPEED AT HIGHWAYS.—The law does not require the railroad to slacken the speed of its trains on approaching the crossing of a public highway in the country when a team is seen approaching the same

APPEAL from the Circuit Court of Tazewell county; the Hon. N. M. Laws, Judge, presiding. Opinion filed October 19, 1881.

Mr. C. B. BECKWITH, N. W. GREEN and M. D. BEECHER, for appellant; that the rate of speed of the train shows nothing that can be considered as negligence on the part of the railroad company, cited C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; C. B. & Q. R. R. Co. v. Damerell, 81 Ill. 450; C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; St. L. A. & T. H. R. R. Co. v. Manly, 58 Ill. 300; T. W. & W. R. R. Co. v. Jones, 76 Ill 311; T. W. & W. R. R. Co. v. Miller, 76 Ill. 278; C. R. I. & P. R. R. Co. v. Austin, 69 Ill. 426.

A person who by his negligence, has exposed himself to injury, cannot recover damages for such injury: Wharton on Negligence, § 130; T. W. & W. R. R. Co. v. Miller, 76 Ill. 278; T. W. & W. R. R. Co. v. Jones, 76 Ill. 311; Ill. Cent. R. R. Co. v. Benton, 69 Ill. 174; C. R. I. & P. R. R. Co. v. Bell, 70 Ill. 102.

Defendant's negligence must be gross and plaintiff's slight in comparison, in order to make defendant liable : Wabash R'y Co. v. Henks, 91 Ill. 409; C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499; C. B. & Q. R. R. Co. v. Lee, 60 Ill. 501; G. & C. U. R. R. Co. v. Jacobs, 20 Ill. 478.

When there is a conflict of evidence upon the question of comparative negligence, an improper instruction upon that question is not cured by others which state the rule accurately : Wabash R'y Co. v. Henks, 91 Ill. 409; C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499; C. B. & Q. R. R. Co. v. Lee, 60 Ill. 501; Ill Cent. R. R. Co. v. Maffit, 67 Ill. 431.

A failure to ring the bell or sound the whistle, will not make defendant liable, unless it is shown that such failure caused the injury in question: C. R. I. & P. R. R. Co. v. Mc-Kean, 40 Ill. 218.

Where the verdict is contrary to the evidence, it will be set aside: Chase v. Debolt, 2 Gilm. 371; Boyle v. Levings, 24 Ill. 223; Clement v. Bushway, 25 Ill. 200.

Messrs. MAUS, PRETTYMAN & SONS, for appellee; that the conflict in the testimony is irreconcilable, and this court will therefore not reverse the judgment, cited Calvert v. Carpenter, 96 Ill. 63; Nevins v. Gouly, 97 Ill. 365; C. B. & Q. R. R. Co v. Lee, 87 Ill. 455.

The fact that the bell was not rung or whistle sounded is evidence of negligence: St. L. J. & C. R. R. Co. v. Terhune, 50 Ill. 151; G. W. R. R. Co. v. Geddis, 33 Ill. 304; C. B. & Q. R. R. Co. v. Caufman, 38 Ill. 424; C. B. & Q. R. R. Co. v. Triplet, 38 Ill. 482; St. L. V. & T. H. R. R. Co. v. Dunn, 78 Ill. 197; I. & St. L. R. R. Co. v. Blackman, 63 Ill. 117; P. P. & J. R. R. Co. v. Siltman, 88 Ill. 529; C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 425; C. B. & Q. R. R. Co. v. Lee, 87 Ill. 454.

If the testimony is conflicting, and that of plaintiff equally credible and sufficient to sustain the verdict, a new trial will not be granted: T. W. & W. R. R. Co. v. Moore, 77 Ill. 217; Morgan v. Ryerson, 20 Ill. 343; Hays v. Houston, 86 Ill. 487;

Howell v. Estelle, 92 Ill. 218; Lewis v. Lewis, 92 Ill. 237; Calvert v. Carpenter, 96 Ill. 63; Nevins v. Gouly, 97 Ill. 365; C. B. & Q. R. R. Co. v. Lee, 87 Ill. 457; Crain v. Wright, 46 Ill. 107.

Where it is not shown that any injury resulted from the admission or rejection of evidence offered in the case, the verdict will not be disturbed: Carpenter v. Davis, 71 Ill. 395; Thompson v. McLaughlin, 66 Ill. 407; Dennison v. Hoagland, 67 Ill. 265; Pratt v. Tucker, 67 Ill. 346.

In support of the instructions given for plaintiff: C. B. & Q. R. R. Co. v. Cauffman, 38 Ill. 424; R. R. I. & St. L. R. R. Co. v. Hilmer, 72 Ill. 235; G. W. R. R. Co. v. Geddis, 33 Ill. 304; St. L. J. & C. R. R. Co. v. Terhune, 50 Ill. 151; Ill. Cent. R. R. Co. v. Gillis, 68 Ill. 317; C. B. & Q. R. R. Co. v. Lee, 87 Ill. 457; P. P. & J. R. R. Co. v. Siltman, 88 Ill. 529; Wabash R'y Co. v. Henks, 91 Ill. 413.

HIGBEE, P. J.   This suit was brought by appellee to recover from appellant damages alleged to have been sustained by her at a highway crossing, caused by the negligence of appellant's servants in charge of a train running on its road on the 15th day of November, 1879.

The case was before this court at the November term, 1880 when a judgment in favor of appellee was reversed and the cause remanded.   8 Bradwell, 140.

Again it comes here after a second judgment against appellant.

The negligence charged, is that appellant did not at said crossing put up warning boards, or keep a watchman; that it neglected to ring a bell or sound a whistle on the approach of the train; that it carelessly and negligently permitted large banks of earth and weeds, brush and other obstructions, to stand and grow at and along its track near said crossing, so as to obstruct the view of passing trains from said highway; that it ran a wild train at a high and dangerous rate of speed at an unusual time of day, and carelessly conducted said train without ringing a bell or sounding a whistle, and without slackening its speed on approaching the crossing.

At the time of the injury, appellee was crossing the railroad

in a closely covered carriage drawn by two horses, driven by her husband, when the same was struck by appellant's engine.

The accident took place in day-light, at a crossing well known to appellee's husband, where he had been in the habit of crossing frequently before. He testifies that after entering upon appellant's right-of-way, he could see the train for twenty-five or thirty rods, in the direction from which it was approaching, while other witnesses, having equal means of knowing, seem to leave but little doubt that it was in plain view, for a distance of at least sixty rods. The law is well settled in this State, that it is the duty of a person coming on to a railroad crossing of a highway, to exercise care and caution to avoid collision with any passing train, and to use precaution before going thereon, to ascertain whether there is any train approaching. C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; C. & A. R. R. Co. v. Gretzner, 46 Ill. 75; T. P. & W. R. R. Co. v. Riley, 47 Ill. 574; C. & A. R. R. Co. v. Jacob, 63 Ill. 178.

The failure to ring a bell, or sound a whistle, or to clear the track of obstructions upon it, does not exempt the traveler on the highway from this duty. This being the law, and the proof tending strongly to show that appellee and her husband could have avoided the accident by the use of that degree of care and caution enjoined by the law upon persons entering into a place of such danger, it was important to the rights of appellant, that this element of its defense should not be ignored by the instructions. The tenth instruction given for plaintiff below, was as follows :

"The court instructs the jury that the question is not whether there is now any obstruction upon defendants right-of-way which would or could obstruct the view of an approaching engine at the crossing where the injury occurred, but whether there was such obstruction at the time of the injury, and if the jury believe from the evidence that such obstructions did exist on the right-of-way of defendants at the time and place of the injury, and that the same then prevented the engine being seen by plaintiff as it approached the crossing, then the suffering of the same to remain on the right-of-way and to obstruct the view of an approaching engine was an act of negligence on

the part of defendant for which defendant is liable, if the jury believe from the evidence that the injury arose from such neglect and would have been avoided but for such negligence in not removing such obstructions." The instruction asserts a right of recovery under the circumstances named in it, without containing the requirements of any care or caution on the part of appellee or her husband. In this the instruction was manifestly wrong, and although other instructions given did contain such requisite, that did not cure the error. It left the jury at liberty to select and act upon either instruction, as might best accord with their views. C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499; C. B. & Q. R. R. Co. v. Lee, 60 Id. 502; I. C. R. R. Co. v. Maffit, 67 Id. 431; C. B. &. Q. R. R. Co. v. Harwood, 80 Id. 88.

The first instruction given for plaintiff contains some propositions of law proper to have been given to the jury; but that portion of it which seemingly requires the railroad to slacken the speed of its trains on nearing a crossing when a train is approaching on a public highway, was well calculated to mislead the jury. The general law of the State imposes no restraint upon railway companies as to the rate of speed their trains may run; when not prohibited by municipal regulations they may adopt such rate of speed as they may desire, provided always it is reasonably safe to the passengers being transported. C. B. & Q. R. R. Co. v. Lee, admx. 68 Ill. 576. The law does not require the railroad to slacken the speed of its trains on approaching the crossing of a public highway in the country when a team is seen approaching the same. C. B. & Q. R. R. Co. v. Harwood *supra.*

Judgment reversed and cause remanded.

Reversed.