## THE COUNTY OF COOK
### V.
### HENRY HARMS.

</div>

1. BUILDING CONTRACT—CHANGE—INSTRUCTIONS TO JURY.—Appellee commenced work on a written contract with appellant, which contract provided for pay for extra work caused by any change in the plans and specifications. After having proceeded with the work to some extent, the county board adopted another plan by another architect, and appellee's work was completed in accordance with the latter plan. Appellee claimed that by the adoption of the other plan, his former contract was rescinded, and he was entitled to recover the value of his work. The question whether the action of the county amounted to a rescission of appellee's contract was conested, and was the main issue in the case. Held, that an instruction as to appellee's right of recovery, which took from the jury a consideration of the question of rescission, was erroneous.

2. PRODUCTION OF WRITINGS ON TRIAL.—It appearing upon cross-examination of appellee, that he had performed some work under the written con-

tract, the court should have compelled him, when required, to produce the contract, so that the court and jury might the better determine whether his claim of rescission was well founded.

3. EVIDENCE.—It was error, under the circumstances, to permit appellee to state what work was within the terms of the written contract, and what was not. This was in effect permitting him to put his own construction upon the contract.

4. EVIDENCE—PRICE LISTS.—It was error to admit in evidence, upon the question of the value of materials furnished, certain price lists of dealers in such articles.

APPEAL from the Circuit Court of Du Page county. The Hon. O. A. HARKER, Judge, presiding. Opinion filed January 19, 1882.

This was an action of general indebitatus assumpsit, brought by the appellee against the appellant to recover for work done and materials furnished by him in the construction of the foundation of the Cook county court-house. It appears from the record that the board of commissioners of Cook county, having adopted plans and specifications for a court-house, to be erected on the East half of block 39, in the city of Chicago, prepared by one James J. Egan, on the 6th day of October, 1875, awarded the contract for the construction of the foundation according to such plans and specifications, to the appellee for the sum of $84,850, to be paid in sums of not less than $10,000, as the work progressed, and upon the certificate of the architect.

It was provided in the specifications, which were made a part of the contract, that if the contractor should be ordered to execute any work, or make any additions, changes or alterations in the work, as described and set forth, and as indicated on the plans, drawings and sections submitted, then it was understood and agreed that such changes, additions or alterations, if so ordered, should not invalidate or impair said contract, but they should be paid for as extra work, or deducted from the original amount of the contract, as the case might be, such extras or deductions, if any, to be subject to the valuation of the architect, whose decision and valuation of the work should be final and binding upon both parties to the contract. The

County of Cook v. Harms.

appellee entered upon the performance of his contract, and had driven a large proportion of the piles and made a part of the excavation required by the contract, when, on the 17th day of January, 1876, for the purpose of making the county part of the structure uniform in appearance with the city building proposed to be erected on the West half of the same block, the county commissioners rescinded their former action, adopting the plans under which the Harms contract was made, and adopted plans conforming to those approved by the city council for the construction of its part of the building. After this change, the appellee continued his work upon the foundation, conforming to the new plans and specifications, and finally completed it, so far as appears, to the satisfaction of the county authorities. From time to time the architect, Egan, gave to appellee certificates for partial payment, and purporting to be for work done and materials furnished under the contract, and for extras. These certificates were received by the appellee, but as he claims, protesting that he was not working under any special contract, and upon them he received his partial payments. When the work was completed, the appellee had received about $106,000, and it is claimed by the appellant, it is not owing him but the further sum of $2,050, according to the estimates of Egan, made under the conditions of the contract, which they insist is still in force, at least for the purpose of fixing the compensation of appellee.

The claim of the appellee is that the contract was rescinded by the action of the board in changing the plans, and that the new plans according to which he performed the work, provided for an entirely different structure, much more expensive, and in fact, that the change was so great as to constitute a new job of work, the value of which could not be measured by the contract price, and that he was therefore entitled to recover a reasonable compensation according to measurement. On the trial he recovered a judgment for $59,948.50, and the county appealed.

Mr. CONSIDER H. WILLETT, for appellant; that the written contract should have been produced, in order to determine

whether the work claimed as extra was within the contract or not, cited Vincent v. Cole, 1 Mood. & M. 257; Jones v. Howell, 4 Dowl. 176.

In determining the relevancy of evidence, the question is not whether it makes out a defense, but whether it tends to prove a defense: Hough v. Cook, 69 Ill.; Rogers v. Brent, 5 Gilm. 587; Slack v. McLagan, 15 Ill. 251.

A demurrer to evidence admits not only all that the testimony has proved, but all that it tends to prove: Fent. v. T. P. & W. R. R., 59 Ill. 349.

The certificates of the architect were conclusive of the amount due appellee: Korf v. Lull, 70 Ill. 421; Smith v. Brady, 17 N. Y. 176; Smith v. Briggs, 3 Denio, 73; McAuley v. Carter, 22 Ill. 53; Morgan v. Birnn, 9 Bing. 672; Butler v. Tucker, 24 Wend. 447; Board of Trustees v. Lynch, 5 Gilm. 521; McAvoy v. Long, 13 Ill. 147.

Appellee cannot place his own estimates of the value of the work, and recover thereon, as against the architect's certificates: Packard v. Van Schoick, 58 Ill. 82; Mills v. Weeks, 21 Ill. 561; Cent. Mil. Tract. Co. v. Spruck, 24 Ill. 587; Wallace v. Holmes, 36 Ill. 156; Snell v. Brown, 71 Ill. 134.

The best evidence, whether primary or secondary, must be produced: Mariner v. Sanders, 5 Gilm. 121; Brown v. Woodman, 25 E. C. L. 358; Huls v. Buntin, 47 Ill. 398; Mattingley v. Crowley, 42 Ill. 300.

As to what is necessary to lay a proper foundation for admission of secondary evidence: Sturgis v. Hart, 45 Ill. 104; Moore v. Wright, 90 Ill. 470; Carr v. Minor, 42 Ill. 179; Rankin v. Crow, 19 Ill. 627; Cook v. Stout, 47 Ill. 530; Weiss v. Tiernan, 91 Ill. 27; R. R. Co. v. Mahoney, 82 Ill. 73; Sreeter v. Sreeter, 43 Ill. 155.

Rescinded written contracts furnish the measure of damages, so far as such contract can be traced in the work: Wheeden v. Fiske, 50 N. H. 125; Pickard v. Bates, 38 Ill. 40; Beigham v. Hawley, 17 Ill. 38; McClelland v. Snider, 18 Ill. 58; Wolfe v. Howes, 20 N. Y. 107; Jones v. Judd, 4 N. Y. 411; Doster v. Brown, 25 Geo. 24; Fuller v. Brown, 11 Met. 440; Holmes v. Stummel, 17 Ill. 455; Koon v. Greenman, 7 Wend.

County of Cook v. Harms.

122; DeBoom v. Priestly, 1 Cal. 206; Jones v. Woodbury, 11 B. Mon. 168.

What a corporation does, or its object for so doing, can only be made to appear by its record: County Com. v. Chitwood, 8 Ind. 504; Trustees v. Asform, 9 Ind. 458; Benton v. McDonough Co. 84 Ill. 384.

Admissions or declarations of a member of a corporation, are not competent evidence against the corporation: Abb. Trial, 43; 1 Greenl'fs Ev. § 175; Morrell v. Dixfield, 30 Me. 157; Hayden v. Middlesex Turnpike Co. 10 Mass. 397; Harrington v. School Dist., 30 Vt. 155; Whiteside v. U. S., 93 U. S. 247.

Individuals must take notice of the extent of the authority of municipal officers: Whiteside v. U. S., 93 U. S. 257; State v. Hayes, 52 Mo. 578; Delafield v. State, 26 Wend. 238; The People v. Bank, 24 Wend. 431; Mayor v. Reynolds, 20 Md. 10.

The printed price lists were not competent testimony: Fowler v. Co. Com. 6 Allen, 92; Gatling v. Newell, 9 Ind. 582.

The acceptance by a creditor of a smaller amount in payment, without protest or objection, is a conclusive settlement: Calkins v. State, 13 Wis. 389; Sholes v. State, 2 Chand. 107; U. S. v. Justice, 14 Wall. 535; U. S. v. Childs, 12 Wall. 232; Ulason v. U. S., 17 Wall. 67.

The county board can not authorize the payment of money, except the ayes and nays are taken upon the question: Spangler v. Jacobs, 14 Ill. 297; Sup'rs v. The People, 25 Ill. 181; Morrison v. Lawrence, 93 Mass. 216; Steckert v. Lyman, 22 Mich. 104.

The judgment is a nullity because entered in vacation: Freeman on Judgments, § 121; Galmha v. Butler, 2 Scam. 227; Wright v. Wallbaum, 39 Ill. 554.

Mr. J. V. Le Moyne, and Mr. E. H. Gary, for appellee; that where the original plan is abandoned, so that it is impossible to trace the contract, and say to what part of the work it shall be applied, recovery can be had upon a *quantum meruit*, cited Robson v. Godfrey, Holt, 236; Lincoln v. Schwartz, 70 Ill. 134;

County of Cook v. Harms.

Wheeden v. Fiske, 50 N. H. 125; Sedgwick on Damages, *222.

If the written contract was abandoned, it would furnish no regulation for the price of the work: Chitty on Con. 169; Keys v. Stone, 5 Mass. 391; Tuttle v. Mayo, 7 Johns. 132; Leminsdate v. Limpton, 10 Johns. 36; Clark v. Mayor, 4 Comst. 338; Jones v. Judd, 4 Comst. 411.

If an architect acts in bad faith in making his certificates, or refuses to act, plaintiff can recover under the common counts: Taylor v. Wrenn, 70 Ill. 181; Coey v. Lehman, 79 Ill. 173; Lull v. Korf, 84 Ill. 225.

Assumpsit will lie against a municipal corporation on an implied contract: Seagreaves v. Alton, 13 Ill. 371; City Bank v. Patterson, 9 Cranch, 299; Danforth v. Schoharie Co. 12 Johns. 227; Overseers v. Overseers, 3 Serg. & R. 117; Baptist Church v. Mumford, 3 Halst. 182; R. & M. R. R. Co. v. F. L. & T. Co. 49 Ill. 340; New Athens v. Thomas, 82 Ill. 259.

Receipts of payment are not conclusive, and are subject to explanation: Scammon v. Adams, 11 Ill. 575; Gilpatrick v. Foster, 12 Ill. 356; Frink v. Bolton, 15 Ill. 343; White v. Merrill, 32 Ill. 511.

PILLSBURY, J.   The real controversy upon the trial below was whether the written contract between the county and the appellee became so far rescinded by the action of the board in adopting the new plans that it ceased to be binding upon the appellee, and furnished no rule for determining the compensation that should be paid to him for constructing the foundations according to the new plans.   This issue was distinctly made upon trial, sharply contested, and upon which the evidence, as it appears in the record, was quite conflicting; and as we must reverse the judgment because of an erroneous instruction given to the jury, we shall express no opinion as to the weight of the evidence in the case.

The appellee asked, and the court gave to the jury the following instruction, being the first one of the three given on his behalf.

"If the jury believe from the evidence that the plaintiff furnished materials to, and performed work for the defendant,

and defendant took possession of, appropriated, and used the same without any protest or objection of any kind, the defendant became liable to pay the plaintiff the fair market value of his work and material as shown by the evidence." By this instruction the jury was relieved of the necessity of determining under the evidence the most vital issue in the case whether, under the evidence, the contract furnished the rule of compensation or not. It was not denied that Harms did the work, furnished the materials and completed the foundation, nor that the county took possession of and appropriated the same to its own use, without objection. This being really admitted, all the jury had to do under this instruction was to find the fair market value of the work and material.

It was insisted by the defendant below, that the changes in the plans came within the provision of the contract relating to changes, alterations and additions, and that after the adoption of the new plan, the contract was still considered by the parties as in force, and that Harms performed the labor under it, and evidence tending to sustain such claim of the defendant was introduced upon the trial. If such be the fact it can hardly be contended that Harms can recover as upon a *quantum meruit.* The jury should therefore have been required, under proper instructions, to pass upon such question, as it was really the only materially contested one in the case. If the jury saw proper to accept this instruction and act upon it as the law of the case, and they would be very apt to do so, as it relieved them of passing upon a conflict in the testimony, the appellant was deprived of the right of having such issue determined by the verdict.

As we cannot see from the record but that the verdict was the result of this instruction, it is no sufficient answer to the error that some of the instructions given for the appellant may have stated the law correctly. Baldwin v. Killiam, 63 Ill. 550; I. C. R. R. Co. v. Moffit, 67 Ill. 431.

It is also urged by the appellant that the appellee should have been required to produce upon trial the contract between him and the county.

The appellee was a witness in his own behalf upon the trial

County of Cook v. Harms.

below, and testified that his job was not done under a special contract, and perhaps under this statement of the witness made upon direct examination, the court could not act upon the statement of counsel for appellant, that the work was performed under a written contract; but as soon as it was shown by the cross-examination of the witness, that he commenced work upon the building under a written contract, and that his statement in the direct examination was based upon his conclusion that the contract had been rescinded by the action of the board in so changing the plans as claimed by him, as to destroy the identity of the subject-matter of the contract, we think the court should have compelled him to produce the contract, the better to enable the court and jury to determine whether his claim was well founded. In the absence of such contract and plans in evidence, the witness should not have been permitted to state what work was within its terms, and what was not included in it. To allow him to do so, under the circumstances of this case, was in effect to permit him to determine one of the material questions in the cause by his own construction of the contract, and the action of the county authorities.

This error was, perhaps, in great measure obviated, as the record shows that the contract, plans and specifications were introduced in evidence by the appellant, thereby giving to the jury the means of properly weighing the testimony in its bearing upon the claim made by the appellee. The court also permitted the appellee to introduce in evidence upon the question of the value of materials furnished, certain price lists of dealers in such articles. This we think was improper; but as there was other sufficient evidence upon that point, it probably did no harm to the appellant, and we should not perhaps consider such action of the court sufficient to reverse the judgment, if the record was otherwise free from error. As the judgment must be reversed for the error of the court in giving to the jury the first of the appellee's instructions, it becomes unnecessary to notice the objection that the judgment was entered by order of the judge signed in vacation. The judgment will be reversed and the cause remanded.

<div align="right">Judgment reversed.</div>