The Chicago and Alton Railroad Company

*v.*

Margaret M. Mock, Admx.

1. Negligence—*contributory.* In a suit against a railroad company for causing the death of a person through negligence, where there is a question as to whether the deceased was guilty of negligence or not, an instruction which directs the jury, if they believe certain facts, to find absolutely for the plaintiff, without containing the requirement of any degree of care whatever on the part of the deceased, is erroneous.

2. In cases of mutual negligence, the general rule is, that a plaintiff who has been guilty of contributory negligence can not recover, but where the negligence of the plaintiff is slight and that of the defendant gross, the former may recover; but this court has never adopted any such rule as that the plaintiff would be entitled to recover on account of the negligence of defendant being greater than his.

3. Pleading and evidence—*recovery should be confined to the negligence as charged in the declaration.* An instruction which allows a recovery for negligence in general respects, without limitation to the particulars of negligence specified in the declaration, is too broad.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. DUMMER & BROWN, for the appellant.

Mr. WILLIAM H. BARNES, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action brought by Margaret M. Mock, as the administratrix of the estate of Anthony Mock. deceased, her late husband, against the Chicago and Alton Railroad Company, for the alleged negligent killing of said Anthony Mock. The plaintiff below recovered, and defendant appealed.

The leading facts of the case are as follows: Manchester, in Scott county, was a regular station on appellant's road. Three trains passed there daily each way. The train which caused the injury in question was a through train, for the accommodation of Peoria through passenger travel, and did not stop at Manchester unless signaled to do so. Its time of arrival there was 3:30 A. M. About 3 o'clock on the morning of April 1, it being very dark and rainy, the deceased started from his home, at Manchester, to take passage thence to St. Louis, on this 3:30 A. M. train, taking with him a lantern to signal the train. In answer to his signal with the lantern, on the platform of the station, the engineer sounded the whistle to stop the train, but the rails being wet and slippery, the train passed the station about two hundred feet before it stopped. The conductor, with a lantern, took his position on the rear platform of the hind car, and the train was backed up until the back car was alongside the station platform. This car was lighted. The conductor got out on the station platform with a light, but could see or hear no one there. The train was composed of two cars. During the time the train was backing up, the brakeman was on the platform between the two cars, with a lighted lantern. The deceased was not seen or heard by any one, after his sig-

naling the train on the station platform, until he was found killed on the track the next morning. The station agent was not at the station on arrival of the train.

On its own cars the appellant uses the Blackstone coupling, which brings the platforms of the cars, when coupled, within six inches of each other. One of the coaches of this train was a Peoria, Pekin and Jacksonville railway coach, which was attached at Jacksonville, and it, like all cars on the latter road, was coupled by a different sort of coupling, which left the cars at a greater distance apart—a distance of two to three and a half feet, the witnesses varying in their statements. It was in evidence that the plaintiff had stated that she had advised the deceased not to go on the night train, as he was near-sighted, and it was not prudent for him to go at night.

The jury, in addition to a general verdict for the plaintiff, found the following special verdict, among others: "Both parties were guilty of carelessness, but defendant guilty to greater degree."

It will thus be seen, that the negligence of the deceased was a material question in the case, rendering it important that the law governing the liability of the defendant, in view of such negligence, should have been laid down to the jury with accuracy. Three of the instructions given for the plaintiff direct the jury, if they believe certain facts, to find absolutely for the plaintiff, without containing the requirement of any degree of care whatever on the part of the deceased. This was error. *Chicago, Burlington and Quincy Railroad Co.* v. *Payne,* 49 Ill. 499.

In no one of the instructions given for plaintiff is there any reference whatever to any care as being required on the part of the intestate, except in the fourth one, which was on the hypothesis that, after the deceased had got upon the train, he fell between the cars, by reason of their improper coupling, and there was no evidence that he did get upon the train, but much that he did not.

The special verdict of the jury evinces how they may have erred, through the want of being properly instructed. From that verdict, it would seem to have been their notion that, in a case of mutual negligence, the defendant would be liable if guilty of a greater degree of negligence.

The general rule is, that a plaintiff who has been guilty of contributory negligence can not recover. This court has held that, where the negligence of the plaintiff is slight and that of the defendant gross in comparison, the former may recover; but it has never adopted any such rule of liability, in cases of mutual negligence, as that of a greater degree of negligence on the part of the defendant.

The second and fifth instructions were, further, too broad in allowing a recovery for negligence in general respects, without limitation to the particulars of negligence specified in the declaration.

Without adverting to the question of the sufficiency of the evidence to sustain the verdict, the judgment will be reversed for the giving of erroneous instructions, and the cause remanded.

*Judgment reversed.*