## The Lebanon Coal & Machine Association v. Louis Zerwick, Adm'r.

1. Instructions—*Must be Limited to the Negligence Charged.*—It is error to give an instruction which is not limited to the negligence charged in the declaration.

2. Same—*Erroneous Instructions Will Not Always Reverse.*—Where it is apparent from the evidence that a verdict could not, in reason, have been otherwise than the one returned, and where upon the whole case substantial justice has been done, erroneous instructions will not reverse.

. 3. SAME—*Where Some Instructions are Erroneous and Others State Law Correctly.*—Where some of the instructions are erroneous, and others state the law correctly, and the verdict returned is strongly supported by the evidence, and clearly right and just, the presumption prevails that the jury was not misled as to the law of the case.

4. INFERENCES—*From the Omission to Call a Witness.*—In a suit to recover damages for personal injuries, the omission, unexplained, to call as a witness the only person who was actually present, furnishes just ground for inference unfavorable to the plaintiff.

5. FELLOW-SERVANTS—*Must be Determined from a Consideration of All the Evidence in the Case.*—Whether or not two persons are fellow-servants must be determined from a consideration of all the evidence in the case concerning the respective duties performed by them, and their relations to the business generally and toward each other in the performance of such duties.

6. SAME—*Scope of the Inquiry.*—The inquiry as to whether a deceased person was a fellow-servant of the person whose negligence caused his death, should not be limited to the evidence of what the deceased did at the immediate time of receiving the injury.

7. SAME—*Evidence Showing the Relation to Other Servants, Competent.*—Testimony which tends to disclose the general course of business, and the true relation existing among the different members of the gang of workmen, is competent upon the question as to who are fellow-servants.

Trespass on the Case.—Death from negligent act. Trial in the Circuit Court of St. Clair County; the Hon. WILLIAM HARTZELL, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the February term, 1898. Reversed and remanded. Opinion filed August 31, 1898.

WISE & McNULTY, attorneys for appellant.

MERRILLS & MOONEYHAM, attorneys for appellee; T. M. MOONEYHAM, of counsel.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in the Circuit Court of St. Clair County, by appellee against appellant, to recover damages for the death of appellee's intestate resulting from an injury received while engaged in loading coal, in the service of appellant in its mine.

Trial was by jury. Verdict and judgment in favor of

appellee for $750. The declaration upon which the case was tried contains two counts.

The first charges that it was the duty of defendant to furnish deceased a reasonably safe place in which to perform the duties of his employment, and to use ordinary care to keep such place in a reasonably safe condition; that defendant disregarded its duty in that behalf by negligently permitting a large amount of slate, dirt, rock and shale to overhang in a loose and dangerous condition the place where deceased was required to work; that defendant had full knowledge of the dangerous condition, or by the exercise of ordinary diligence might have had such knowledge, and that deceased had no knowledge of such dangerous condition.

The second count charges same as the first, and in addition, that it was the duty of defendant to secure the overhanging substance and make it reasonably safe by setting thereunder a sufficient number of mine props, or by removing the same from the roof of the mine, and that defendant negligently failed to set sufficient props, and also negligently failed to remove the overhanging substance.

Appellant assigns many errors, but argues only that the court erred in giving first, fourth, fifth and sixth instructions at instance of appellee and in refusing one instruction asked by appellant; in admitting improper evidence on behalf of appellee, and excluding proper evidence offered by appellant; that the verdict is excessive and that the evidence as to each and all the material issues is not sufficient to support the verdict.

The first instruction is not limited to the negligence charged in the declaration, and therefore in giving it to the jury the court erred. Consolidated Coal Co. v. Young, 24 Ill. App. 255; C. & A. R. R. Co. v. Mock, 72 Ill. 141.

The fourth instruction is : "You are further instructed not to draw any inferences or conclusions unfavorable to the plaintiff from the fact that Marion Aggles was not called as a witness."

Marion Aggles was a brother of the deceased; was work-

ing with him at the time of the injury, and was the only person who was actually present. He was not called as a witness and the record discloses no reason why he was not called. This unexplained fact furnished just ground for inference unfavorable to plaintiff.

The court erred in giving the fourth instruction. Consolidated Coal Co. v. Scheiber, 167 Ill. 539.

Appellant's objection to the fifth instruction is not well taken. The testimony tends to show that the timber-man knew all that any one knew about the condition of the roof of the mine. It also tends to show that the timber-man sustained such relation to the mine and its operation that notice to him would be notice to appellant.

The sixth instruction given for appellee is as follows:

" In order to constitute servants of the same master ' fellow-servants,' within the rule which relieves the master from responsibility for the negligence of a fellow-servant, it is essential that the servants shall be, at the time of the injury, directly co-operating with each other in the particular business in hand, or that their mutual duties shall bring them into habitual consociation, so that they may exercise an influence upon each other promotive of proper caution."

To one taking a comprehensive view of the whole situation, as shown by the evidence, the instruction would be a substantially correct statement of the law. The expression, " It is essential that the servants shall, at the time of the injury, directly co-operate with each other, in the particular business in hand," is susceptible of being understood and applied by a jury in a sense much too limited. They might be fellow-servants and one of them not be present at all at the immediate time of the injury. They might be fellow-servants and one of them not take any direct part in the particular detail of the business involved in the mere physical act of lifting the coal onto the cars.

The expression, " at the time of the injury," has been criticised by the Supreme Court, as limiting the time too narrowly in cases where negligence and due care, on the occasion of an injury, were controlling issues. In one case, C., M. & St. P. Ry. Co. v. Halsey, 133 Ill. 248, the judg-

ment was reversed on the ground alone that one of the instructions contained the expression, "as to the conduct of the deceased at the time of the accident," the court saying: " This was clearly erroneous and calculated to mislead the jury;" holding that the inquiry should not have been limited to the evidence of what the deceased did at the immediate time of receiving the injury. Whether or not two persons are fellow-servants must be determined from a consideration of all the evidence concerning the respective duties performed by them, and their respective relations to the business generally and toward each other, in the performance of their respective duties.

The language of the instruction is from the opinion of the court in C. & A. R. R. Co. v. Kelley, 127 Ill. 637. That language is part of a general statement of the law, and not an approved instruction for the guidance of a jury in applying the law to the facts of a particular case.

Appellant complains of the refusal of the court of the following instruction:

" If you believe from the evidence that the deceased, and the person whose duty it was to set timbers or props to hold up the roof of the mine in question, were working for the defendant coal company, and that both were directly co-operating with each other in the business of the company in getting out coal for the company, and that both were necessary to carry on this business, or that their respective duties were such as to bring them into habitual association with each other, so that they might exercise mutual influence upon each other, promotive of proper caution for each other's safety, then they were what the law calls fellow-servants with the same master; and if you believe from the evidence that the plaintiff was injured because the said timber-man, or person whose duty it was to timber or prop the roof of the room in question, neglected his duty, the defendant is not liable in this case."

This instruction correctly states the law concerning fellow-servants as applicable to the facts, as the evidence tends to show them to be in this case, but the concluding part of the instruction is erroneous. It assumes that the timber-

man was, in fact, a fellow-servant with deceased; or it is, at least, clearly misleading in that respect. As a whole, it was properly refused by the court.

Appellee contends that the error complained of in the first instruction is cured by two certain instructions given at the request of appellant, in which the law is correctly stated. Where it is apparent from the evidence that a verdict could not in reason have been otherwise than the one returned, and where upon the whole case substantial justice has been done, erroneous instructions will not reverse; and where one or more of the instructions are erroneous, and others state the law correctly, and the verdict returned is strongly supported by the evidence, and clearly right and just, the presumption usually prevails that, upon the whole, the jury was not misled as to the law; but in a close case, where there is grave doubt whether substantial justice has been done, each instruction should state the law correctly or there should be a reversal. This case falls clearly within that class of cases. Village of Warren v. Wright, 3 Ill. App. 602; C. & A. R. R. Co. v. Murray, 62 Ill. 326; Baldwin v. Killian, 63 Ill. 550; I. C. R. R. Co. v. Maffit, 67 Ill. 431; W. St. L. & P. Ry. Co. v. Rector, 104 Ill. 296.

During the trial the witness Mowe testified concerning the manner in which the "gang" worked together, the timber-man and deceased being two of the gang; and on cross-examination appellant asked concerning the manner in which the gang were paid, and if the pay of all was not based on the number of boxes filled by the loaders.

The court refused to admit the witness to answer.

Appellant also sought to prove how often the timberman, in the ordinary course of performing his duty, usually came into the room where the loaders were at work. The court refused to admit this testimony, confining this inquiry to the day of the injury.

The court erred in both instances. This testimony was competent. It would have tended more fully to disclose the general course of business, and the true relation existing among the different members of the gang.

With the view of the case we entertain, it is not necessary to discuss the amount of the verdict.

The case must be reversed, and as we have decided to remand it, we deem it both unprofitable and unwise to discuss the evidence.

The judgment of the Circuit Court is reversed and the case remanded.