## Chicago Union Traction Co. v. Philip Grommes.

1. INSTRUCTIONS—*Where the Evidence is Conflicting.*—Where the evidence is conflicting it is essential that the instructions be accurate.

2. SAME—*Not Confined to the Negligence Averred in the Declaration, Erroneous.*—An instruction which does not confine the jury to consideration of the negligence alleged in the declaration is erroneous.

3. SAME—*Erroneous Instruction Not Cured by Other Instructions Given.*—An instruction which states a principle of law incorrectly can not be cured by any other instruction given.

4. SAME—*Even Where Instructions Supplement Each Other, Each Must State Law Correctly So Far as It Goes.*—Even where instructions may supplement each other, each one must state the law correctly so far as it goes, and they should be in harmony, so that the jury may not be misled.

5.° SAME—*Assuming that Want of Care and Skill is Reasonably to be Expected, Are Vicious.*—An instruction which assumes that want of care and skill, to a certain extent, is reasonably to be expected, is vicious and well calculated to mislead the jury.

6. WORDS AND PHRASES—*Common or Ordinary Diligence Defined.*—Common or ordinary diligence is that degree of diligence which men in general exert in respect to their own concerns.

7. SAME—*Ordinary Care Defined.*—Ordinary care is that degree of care which a person of ordinary prudence is presumed to use, under the particular circumstances, to avoid injury. It must be in proportion to the danger to be avoided, and the fatal consequences involved in its neglect.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed October 15, 1903.

JOHN A. ROSE and LOUIS BOISOT, attorneys for appellant; W. W. GURLEY, of counsel.

MUNN & WHEELER and CHARLES A. WARREN, attorneys for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee, rendered in an action in case for negligence. The declara-

tion, after averring appellant's ownership, etc., of a street railway in North Clark street, in the city of Chicago, proceeds as follows :

"And the plaintiff at, etc., aforesaid, then became a passenger in a certain train of the defendant on the said railroad, to be carried, and was thereupon accordingly then carried in said train, upon and along said North Clark street, to the intersection of said street with another street called North Avenue, for which point the plaintiff herein had received from the said defendant a transfer ticket, and had signified to the agents of said company his desire to alight from said train, for certain reward to the defendant in that behalf. And thereupon it then became and was the duty of the defendant, upon the arrival of the said train at, etc., aforesaid, to give the plaintiff an opportunity of safely alighting therefrom, and then and there to stop the said train a reasonable time to enable the plaintiff so to alight therefrom safely, as aforesaid. Yet the defendant did not regard its duty, or use due care in that behalf, but on the contrary thereof, upon the arrival of the train at said North Avenue aforesaid, on the day aforesaid, and while the plaintiff, with all due care and diligence, was then and there about to alight therefrom, the defendant carelessly and negligently caused the said train to be suddenly and violently started and moved, and thereby the plaintiff was then and there thrown with great force and violence from and off the said train, and to and upon the ground there, by means whereof," etc.

On the questions, whether appellee exercised ordinary care, and whether the appellant was negligent as charged in the declaration, the evidence was so conflicting that if the verdict had been for appellant we would not feel justified in setting it aside as being contrary to the evidence. In this state of the evidence, the instructions should be accurate. Chicago City Ry. Co. v. Canevin, 72 Ill. App. 81, 87, and cases there cited.

Appellant's counsel contend that instructions 1 and 2, given at the request of appellee's counsel, are erroneous.

Instruction 1 is as follows :

"1. The court instructs the jury that if they are satisfied from all the evidence and circumstances of this case that the accident and injuries to the plaintiff were caused by the

carelessness and negligence of the agents of the defendant company, and that the plaintiff used due care and caution when he alighted from the car, or attempted to leave the car after it stopped, if you believe from the evidence that it came to a stop, and if they further believe from all the evidence that plaintiff was injured by the car from which he was alighting and by reason of which injury has suffered the partial loss of hearing and of his memory, and that such injuries are of a permanent character, your verdict should be for the plaintiff and you may assess such damages as the evidence shows the plaintiff has sustained from said injuries, not exceeding the amount claimed in the declaration."

Waiving the question, which is not free from difficulty, whether negligence of appellant is assumed by the instruction, and considering the instruction as if it were not so assumed, the instruction is erroneous in not confining the jury to consideration of the negligence alleged in the declaration, namely, that while appellee was attempting to alight from the train, appellant negligently caused it to be suddenly and violently started. It is settled beyond peradventure that when an act or omission is specifically averred in the declaration as constituting negligence, the plaintiff can only recover on proof of such act or omission. In other words, that there can be no recovery for negligence not averred in the declaration. Wabash, etc., Ry. Co. v. Coble, 113 Ill. 115; C. & A. R. R. Co. v. Rayburn, 153 Ill. 290; C. & A. R. R. Co. v. Mock, 72 Ill. 141, 144; Lebanon C. & M. Ass'n v. Zerwick, 77 Ill. App. 486, 488.

In Wabash, etc., R. R. Co. v. Reyburn, *supra*, the trial court modified instructions asked by the appellant, by adding words, guided by which the jury might have found the appellant guilty of negligence not averred in the declaration, and this was held to be reversible error. The instruction in question clearly left the jury free to find the appellant guilty of any negligence of which they might think or imagine it to be guilty, even though not averred in the declaration. But it is contended by appellee's counsel that instructions 1 and 2 must be considered together, as a series, and that so considering them, the jury could not have been misled, and there was no error. The instruction

specifies certain facts which, if proved, will entitle the plaintiff to recover. The jury would have been fully warranted to follow the instruction in question without consideration of others given, and we can not know that they did not. Such an instruction, if erroneous, can not be cured by any other instruction given. Ill. Iron & Metal Co. v. Weber, 196 Ill. 526, 531.

In regard to the rule that instructions must be considered as a series, the court say :

" Even where instructions may supplement each other, each one must state the law correctly as far as it goes, and they should be in harmony, so that the jury may not be misled." Ib. 531.

Instruction 2 is as follows:

" 2. The court instructs the jury that if they believe, from the evidence, that the defendant was guilty of negligence, as charged in the declaration, and that the plaintiff was injured thereby, then, as regards the defendant's liability, it makes no difference whether such negligence appears or is proved by the testimony on the part of the plaintiff, or by the defendant's own witnesses. The jury are instructed that in determining the question of negligence in this case they should take into consideration the situation and conduct of both parties at the time of the alleged injury, as disclosed by the evidence; and if the jury believe, from the evidence, that the injury complained of was caused by the negligence of the defendant's servants, as charged in the declaration, and without any greater want of care and skill on the part of the plaintiff than was reasonably to be expected from a person of ordinary care, prudence and skill in the situation in which he found himself, then the plaintiff is entitled to recover."

" Common or ordinary diligence is that degree of diligence which men in general exert in respect to their own concern." City of Rockford v. Hildebrand, 61 Ill. 155, 160.

" Ordinary care is that degree of care which a person of ordinary prudence is presumed to use, under the particular circumstances, to avoid injury. It must be in proportion to the danger to be avoided, and the fatal consequences involved in its neglect." T. & R. Ry. Co. v. Goddard, 25 Ind. 185, 197. See, also, Winfield's Adjudged Words and Phrases, p. 439.

The definition of ordinary care usually given in cases

like the present, is, in substance, such care as an ordinarily prudent and careful man would exercise, or be expected to exercise, in the situation in which the plaintiff was, and under like circumstances. The law presumes that an ordinarily prudent and careful man would have exercised such care as the circumstances seemed to require in the situation in which appellee was. It does not presume or contemplate that such a person would fail, in any degree, to exercise proper care. The instruction assumes that want of care and skill, to a certain extent, is "reasonably to be expected," and in this respect is vicious and well calculated to mislead the jury. For the errors indicated the judgment will be reversed and the cause remanded.