## American Steel Foundries v. Carl F. Kistner.

1. INSTRUCTIONS—*when does not contain prejudicial omission.* An instruction which does not purport to sum up the entire case is not erroneous in failing to state a particular proposition of law applicable to the case, if the same, standing alone, is a correct statement of the law.

2. ARGUMENTS OF COUNSEL—*what proper; what not.* It is proper for counsel to refer to the fact that a party has introduced no evidence, but it is not proper for counsel to refer to the fact that witnesses for such party were present in court, without any evidence of that fact appearing in the record.

Action in case for personal injuries. Appeal from the Circuit Court of Madison County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1907. Affirmed. Opinion filed September 13, 1907.

WARNOCK, WILLIAMSON & BURROUGHS, for appellant.

C. H. BURTON and M. R. SULLIVAN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee was injured September 21, 1905, while engaged in operating a milling machine in the plant of appellant at Granite City, Illinois.   The machine he operated had two revolving heads on the top, in which were knives or cutters used for the purpose of planing off the rough parts of castings.   In the course of his work, it was necessary for appellee to adjust these knives and to take them out, grind and reset them.   To adjust or remove the knives from the cutter head, a wrench was used to loosen the set screws which held them.   The set screws could not be reached with the wrench by one standing on the ground and appellant furnished a board for the operator to stand upon when using the wrench.   The milling machine was about five feet wide, twelve feet long and four feet high.   In using the board one end was placed upon the ground, and the other on the housing on one side of the bed of the machine, about 18 or 20 inches from the ground, and the operator would stand with one foot upon the board and the other on the machine, while turning the set screws and adjusting the knives.

Appellee went to work at the milling machine on Monday prior to the day he was injured.   On Wednesday he notified his foreman, Doran, that it was dangerous to work on the board "that a fellow would slip and get hurt."   Doran said that he would fix it as soon as he could get a man, that he would have a platform built there so that appellee could work all around the machine without stepping off, and directed him to go back to work.   On the next day, Thursday, about 9:00 o'clock in the morning, while appellee was adjusting
4

the set screws in the usual way, with his left foot on the board, which was eight feet long and about eight inches wide, and an inch and a half thick, and his right foot on the machine, the board slipped and threw him against the machine. His knee struck the iron bed of the machine and both the knee and leg below were so severely injured that an operation became necessary to save the leg. He was in a hospital between 6 and 7 weeks, was kept from work 18 weeks, and received treatment from his physician from September 21, 1905, to March 13, 1906. He incurred a doctor's bill of $260 and a hospital bill of $115.

The evidence showed that the injury was permanent and the limb would never be the same as it was before.

Appropriate pleadings were filed in the case and the proceedings resulted in a judgment and verdict in favor of appellee for $1,999. Appellee and his physician were the only witnesses examined on the trial, appellant having introduced no evidence in its behalf.

Appellant assigned a number of errors but advances only four reasons in its brief and argument for a reversal of the judgment. These are, that the verdict was not warranted by the facts in the case, that appellee's first instruction was erroneous, that improper remarks were made by appellee's counsel and that the verdict was excessive.

The uncontradicted testimony of appellee as to the manner in which the injury occurred, and the causes leading up to it, show that appellant had furnished appellee with a very crude and insecure method of reaching the set screws, for the purpose of removing and adjusting the knives. The fact that the use of the board in reaching the set screws was dangerous, became known to appellee and he notified the foreman. Both appellee and appellant, therefore, had knowledge of the danger and the only question is whether appellee had a right to continue the use of the board as directed by the foreman for a reasonable length of time until a platform should be erected as promised by appellant, through its foreman, which would render the work safe.

Appellant asserts that the rule exempting a servant from

liability of the assumption of a risk of a defect which the
master has promised to repair, does not apply to the use by
the servant of common implements, with which the servant
is familiar, and cites in support of his position Webster
Manufacturing Co. v. Nisbett, 205 Ill., 273, where a black-
smith was injured by a particle of steel from a defective
hammer used by his helper, which implement the black-
smith's foreman had promised to have repaired. The case
before us, however, differs from the one cited and others
holding a similar doctrine, in that the danger here com-
plained of attached not to the performance of the work or
the use of the tools, but to the means of approach to the
work. The case is more nearly akin in that respect to
Weber Wagon Co. v. Kehl, 139 Ill., 644, where it was
claimed by appellee that the floor upon which he had to
stand in front of a machine he was operating, was in an
unsafe and dangerous condition; that he notified the mas-
ter's foreman of such condition and was promised by some
one authorized by appellant to remedy the difficulty, that the
floor would be made safe and relying upon such promise
appellee continued his work at the machine until he was
injured. It is there said "whether the floor that the de-
fendant provided for the plaintiff to stand upon in front
of the shaper, was reasonably safe or whether it was in an
unsafe and dangerous condition; whether plaintiff exer-
cised due care and whether he notified the foreman of the
defendant company of the dangerous condition of the floor,
and was promised by those who had authority to remedy
the difficulty that the floor would be made safe, and relying
upon such promises he was induced to remain in the employ
of defendant, until he was injured, were all questions of
fact, which the evidence tended to establish in the plaintiff's
favor," and the judgment in his favor was sustained. So
in this case it was for the jury to say whether under all the
circumstances, appellee had a right to rely upon the prom-
ise of his foreman to build the platform, and continue his
work, and it was also for them to say whether, under the
circumstances, appellee continued in the services an unrea-

sonable length of time after notifying the foreman of the danger.

These questions were submitted to the jury by the instructions, there was evidence to sustain their finding, and their verdict should therefore not be disturbed.

Appellant complains of the first instruction which correctly states the rule, under which an employee may continue for a reasonable length of time in the performance of his work, without assuming the risk of defective appliances or unsafe place to work, after a notice to the employer and a promise to repair and make safe, because it does not further state that this rule only applies while the employee is in the exercise of due care for his own safety. The instruction is a general one, and is directed entirely to the law governing the question of assumed risk. It does not purport to state the conditions under which appellee would be entitled to a recovery, and is therefore not subject to the objection named.

Appellant also complains that counsel for appellee made improper remarks of an unwarranted and prejudicial character in their arguments before the jury. The remarks complained of consist of statements that no witnesses had testified for the defendant, that three or four of them were sitting in the court room, but not one had taken the stand to testify; that Mr. Doran, the foreman of appellant, was sitting in the room, but had not been put upon the witness stand. Objections to these statements were made by counsel for appellee, which were sustained by the court and the jury instructed to disregard the same. It was perfectly proper for counsel to refer to the fact that appellant had introduced no evidence in the case and that circumstance was a legitimate subject of comment, and this is especially true of the reference to Mr. Doran who was the foreman, and the person to whom appellee claimed to have made his complaint. Consolidated Coal Co. v. Scheiber, 167 Ill., 539; Lebanon C. & M. Assn. v. Zerwick, 77 Ill. App., 486.

It was not proper, however, for counsel to refer to the fact that the witnesses for appellant referred to, were present

in the court room, without evidence of that fact appearing in the record. As, however, the court below sustained the objection to the remarks of counsel, and instructed the jury to disregard them, and as there was no controversy whatever concerning the facts in the case, we do not think the remarks, while not to be commended, were of sufficient importance to warrant a reversal of the case. Considering the serious character of the injuries sustained by appellee and their permanency, together with the suffering endured and the expense incurred by him, we cannot say that the verdict was so large as to be considered in law excessive.

The judgment of the court below will be affirmed.

*Affirmed.*