# STUDEBAKER CORPORATION v. ÆTNA SAVINGS & TRUST CO.

Circuit Court of Appeals, Seventh Circuit.
August 30, 1927.

Rehearing Denied October 4, 1927.

No. 3833.

**1. Landlord and tenant ⬅79(2)—Privity of contract and of estate held to exist between lessor and lessee's assignee.**

There was both privity of contract and privity of estate existing between the lessor, who was the owner of the premises, and the lessee's assignee, where the lessee assigned the whole term to the assignee, and the assignee agreed to assume all obligations under the lease, and the lease contained covenants to pay rent running with the land.

**2. Landlord and tenant ⬅80(3)—Lessee's assignee, leasing unexpired term, broke privity of estate between himself and lessor and established it between new lessee and lessor.**

Where lessee's assignee was in privity of estate with the lessor, who was the owner of the premises, and gave a lease for the whole of the unexpired term to a new lessee, the privity of the estate existing between himself and lessor was broken, and privity of estate was established between the new lessee and the lessor.

**3. Landlord and tenant ⬅231(6)—In action for rent by lessee's assignee against his lessee's assignee, defendant held in possession and liable under evidence.**

In action to recover rent brought by the lessee's assignee against his lessee's assignee, evidence *held* to show that the defendant was in possession and control of the premises and was liable to plaintiff as its tenant.

**4. Landlord and tenant ⬅208(2)—Plaintiff might recover rent from its lessee's assignee as landlord, where plaintiff and its lessee were landlord and tenant, except as to privity of estate, and plaintiff's lessee's assignee had possession.**

Where plaintiff and its lessee were in privity of contract and in every way bore the relation of landlord and tenant, except that they were not in privity of estate, and plaintiff's lessee assigned the whole term unconditionally, and plaintiff's lessee's assignee was in possession and control of the premises, plaintiff *held* entitled to recover rent from its lessee's assignee as landlord.

**5. Landlord and tenant ⬅79(2)—Lessor and lessee's assignee's lessee's assignee held in privity of estate.**

Where lessee assigned whole term remaining under lease and the assignee gave a lease for the whole term remaining to a second lessee, and the second lessee assigned the whole term remaining, *held* that the original lessor and the last assignee were in privity of estate.

21 F.(2d)—25

**6. Subrogation ⬅12—Plaintiff held subrogated to lessor's rights to rent from defendant, where plaintiff was lessee's assignee and paid rent as obligated and defendant was plaintiff's lessee's assignee and in privity of estate with lessor.**

In an action to recover rent paid by plaintiff, where plaintiff was the lessee's assignee and defendant was plaintiff's lessee's assignee, and lessor and defendant were in privity of estate, plaintiff *held* entitled to subrogation to the rights of the lessor against the defendant.

**7. Landlord and tenant ⬅209—Lessee's assignee paying rent held entitled to recovery thereof from its lessee's assignee as surety, if its lessee's assignee was obligated to pay rent.**

Where plaintiff was lessee's assignee and paid rent as it was obligated to do, and defendant was plaintiff's lessee's assignee, plaintiff *held* entitled to recover rent paid by it to lessor from defendant on the ground that it was a mere surety, if defendant was obligated to pay the rent.

In Error to the District Court of the United States for the District of Indiana.

Action by the Studebaker Corporation against the Ætna Savings & Trust Company. To review a judgment for defendant, plaintiff brings error. Reversed and remanded, with direction.

Paul Davis, of Indianapolis, Ind., for plaintiff in error.

Frank E. Gavin, of Indianapolis, Ind., for defendant in error.

Before EVAN A. EVANS, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. Plaintiff in error (plaintiff) sued defendant in error (defendant) to recover rent, or rental value, for a portion of a building in Indianapolis, Ind.

The leases and assignments involved are designated by letter as follows:

A. Lease between owner and plaintiff's assignor.

B. Assignment from lessee in A to plaintiff.

C. Lease from plaintiff to the Buck Company, here called Buck.

D. Assignment from Buck to defendant.

E. Declaration of trust by defendant concerning assignment D.

F. Lease from defendant to Buck.

A jury was waived, and, after filing findings of fact and conclusions of law, the court found against plaintiff.

The only question here is as to the legal consequences of the acts of defendant in taking the assignment D and in what was done thereafter. The facts are not in dispute.

That plaintiff took, by assignment B, the whole term under lease A, and became obligated to perform all its terms and conditions, is not disputed. Nor is it disputed that by lease C Buck took the whole term under lease A, was to pay the rent to plaintiff, and became obligated to perform all the terms and conditions of lease A. The only controversy is over defendant's contention that as D, E, and F were executed contemporaneously, they are to be considered as one instrument, the effect of which is that defendant became a mortgagee, not in possession, and therefore not liable for rent.

There is some evidence that lease A, after it passed to Buck, was discovered to have a large monetary value, and it seems probable that, in the struggle to get that value, the parties overlooked the weightier matter of the primary obligation to pay plaintiff's rent.

The assignment to defendant by Buck of leases A and C was of the whole term and unconditional on its face. The declaration of trust E acknowledged the receipt of the assignment of leases A and C, and then said:

"It is hereby declared by the said trust company, as trustee, that it holds said lease, collects the rents and profits arising therefrom and, after paying the reasonable expense of the administration of the trust, is to pay to the National City Bank of Indianapolis, Indiana, or otherwise, all rents collected from the tenants occupying said leasehold premises, to be applied upon the notes of the Buck Company to the National City Bank or otherwise, now or at any time hereafter executed. * * *"

When it is remembered that by accepting the assignment defendant became, as between it and Buck, liable to pay the rents and profits arising from the leases A and C, the purpose stated is hardly understandable, and, read in connection with the undertaking to pay all rent, less expense of the administration of the trust, to the bank, makes it less understandable, because, if we assume that defendant meant to say it would collect the rent from itself and pay it to the bank, then it must have intended to do one of two things, (a) not pay plaintiff's rent; or (b) pay the bank nothing.

If the declaration of trust had referred to lease F and said it was the purpose to make, or that it had made, such a lease, the declaration then probably would have stated the real purpose of the transaction, because lease F reserved a rental of $1,000 per month more than that reserved in leases A and C.

At the time of the assignment to defend-ant, Buck was in financial trouble, but paid rent to defendant under F until and including August 1, 1923. On the last day of August, 1923, in a proceeding against Buck in the Marion county, Ind., superior court, a receiver was appointed, who went into physical possession of that part of the premises of which Buck had physical possession. On January 1, 1924, the receiver assumed control of that part of the premises theretofore sublet by Buck to various tenants. The assignment to defendant was made February 14, 1923. Beginning March 1, 1923, defendant paid the plaintiff rent each month until and including September, 1923, under its lease to Buck, which rent was accepted. After the receiver took charge of that part of the premises of which Buck was in physical possession, its subtenants paid their rent to defendant until the receiver took possession, on January 1st, of that part of the premises sublet to them. Thereafter nobody paid any rent to defendant. October, November, and December, 1923, defendant tendered the rent to plaintiff. Because plaintiff was contending that it then had the right to possession of the property, it refused to take the October and November checks, but did take the December check under protest and cashed it after June 12, 1924.

On the claim that the assignment by Buck to defendant was a default, plaintiff notified the receiver and defendant thereof, and, failing to get possession, on November 21, 1923, filed an intervening petition in the suit in the Marion county superior court, to which the receiver and the defendant were made parties.

In February, 1924, a year after the assignment to defendant, it made tender, in court, of the October and November, 1923, and the January and February, 1924, rent, and asserted the validity of the assignment and defendant's right to possession thereunder, with such effect that the court on June 12, 1924, decided against the plaintiff on its intervening petition.

Thereafter, plaintiff notified the defendant and the receiver that the rent was in default and if not paid the lease would be declared forfeited. Such proceedings were then had in the Marion county court, to which the defendant was not a party, that, by order of the court, plaintiff obtained possession on September 20, 1924. Defendant at no time offered to surrender possession of the premises.

In the lease F from defendant to Buck is the following provision:

"It is understood and agreed between the

parties hereto that the lessor hereunder, the Ætna Trust & Savings Company, trustee, is in possession of said premises as assignee of a certain lease entered into by and between Arthur Jordon of the city of Indianapolis, party of the first part, as lessor, and said Studebaker Bros. Manufacturing Company, an Indiana corporation, party of the second part, as lessee, on the 17th day of April, 1919, a copy of which lease is hereto attached and made a part hereof and designated as Exhibit A, and it is further agreed that the lessee hereunder, the Buck Company, shall be bound by all the terms and conditions of the said lease A as if the same were herein set forth."

[1] When the lessee assigned its whole term to plaintiff and plaintiff assumed the obligations under lease A, there was, because of that assumption and because of covenants to pay rent running with the land, both privity of estate and of contract.

[2] The lease C conveyed the unexpired term under lease A, and thereby the privity of estate was broken between plaintiff and Buck, but was established between Buck and the lessor in A. There was also thereby established between plaintiff and Buck privity of contract. In every way, except as to privity of estate, the relation of landlord and tenant existed between plaintiff and Buck. What would have been the effect of the assignment from Buck to defendant, if defendant had not gone into possession and control of the premises, we do not decide, although defendant's proposition, that "a mortgagee or assignee of a lease as security, who has not actually taken possession, is not liable for rent to the landlord," is not supported by Oleese v. Val Blatz Brewing Co., 144 Ill. App. 597, one of the cases relied upon by defendant.

[3] We are of opinion that defendant was in possession and control of the premises, as evidenced by the following: (a) Whatever name may be applied to the papers or the arrangement between defendant and Buck, the consequence was that Buck ceased to pay rent to plaintiff and paid rent to defendant; (b) after Buck ceased, because of the receivership, to pay rent to defendant, the subtenants paid rent to defendant, who took and kept it; (c) it wholly interposed itself between plaintiff and the property and the rents arising therefrom, and assumed full control over both property and income; (d) it received the assignment of leases A and C from Buck, lease C containing an absolute assumption of all the terms and conditions imposed by lease A on the lessee; (e) defendant, immediately following the assignment to it by Buck, commenced paying to plaintiff under plaintiff's lease to Buck; (f) making answer to plaintiff's proceedings in the suit in the Marion county court to gain possession of the premises because of the invalidity of the assignment to defendant from Buck—defendant denied invalidity, asserted its right to possession and in court made tender of all rent then due. Evidently it was its defense that prevailed, and plaintiff was denied possession thereunder as late as June 12, 1924. Apparently defendant made no effort to oust the receiver, but stood with him in resisting plaintiff's right to possession. In the face of such facts, it is idle to say that defendant was not in possession or control of the premises. Defendant made no offer or attempt to surrender possession.

We have not overlooked the holding, as one of the facts found, that defendant never occupied or had actual possession. That, on the record, was not a finding of fact, but, if it was, it does not exclude the fact that every one in physical possession, except the receiver, was under control of and attorning to defendant.

[4-6] We are of opinion that defendant must, under the circumstances, be held directly liable to pay the rent to plaintiff, as its landlord; but, if not, the facts show that there was privity of estate between defendant and the owner of the fee, to whom plaintiff, being obligated to pay the rent, did pay it, and is subrogated to the rights of the owner.

[7] Again, plaintiff may be held to have a right of recovery because, if there was an obligation on defendant to pay the rent to any one, then plaintiff was a mere surety for defendant, and it should repay.

Reversed and remanded, with direction to proceed in accordance with the views herein expressed.